I think the facts bring the offense clearly within the provisions of section 654 of the Penal Code, and that it was properly prosecuted by indictment.

O'BRIEN, J., reads for reversal. All concur with him on the merits, except HAIGHT, J., who reads dissenting opinion, with whom GRAY, J., concurs.

BARTLETT, HAIGHT and VANN, JJ., concur also with MARTIN, J., upon questions discussed by him.

Judgment reversed.

BELLE C. SCHENCK, Respondent, v. WILLIAM D. BARNES, Appellant, Impleaded with HENRY W. TAFT, Trustee.

1. TRUST CREATED BY BENEFICIARY — HIS INTEREST SUBJECT TO CLAIMS OF SUBSEQUENT CREDITORS. A person cannot place his property in trust, with remainder over, reserving to himself the beneficial interest for his life, subject to the expenses of the trust, and thereby put the life interest beyond the reach of creditors whose claims arose after the creation of the trust.

2. RIGHTS OF JUDGMENT CREDITORS — 2 R. S. 174, § 38. The provision of the Revised Statutes empowering judgment creditors to compel discovery of property (2 R. S. 174, § 38) implies that a trust created by the debtor, and under which he is the beneficiary, does not protect his interest from the pursuit of creditors.

3. TRUST FOR RENTS AND PROFITS OF LAND — 1 R. S. 730, § 63. The provision of the Revised Statutes which prohibits a person beneficially interested in a trust for the receipt of the rents and profits of land from

assigning or disposing of the same (1 R. S. 730, § 63) does not affect a trust created by the debtor, and under which he is the beneficiary, as against creditors, even though he was solvent when he created the trust and the creditors' claim arose thereafter.

4. APPEAL — CERTIFIED QUESTION. Questions certified to the Court of Appeals can be reviewed only so far as they actually arose and were determined by the Appellate Division.

*Schenck* v. *Barnes,* 25 App. Div. 153, affirmed.

(Argued April 19, 1898; decided June 7, 1898.)

APPEAL, by certification, from an order and interlocutory judgment of the Appellate Division of the Supreme Court in the second judicial department, entered respectively January 21 and January 26, 1898, reversing an order and interlocutory judgment of the Special Term sustaining a demurrer to the complaint.

This action was brought by a judgment creditor to reach the interest of the judgment debtor in a trust fund of real property created by himself, in which he reserved to himself a life interest.

The questions certified are stated in the opinion.

*Flamen B. Candler* and *Robert W. Candler* for appellant. The complaint does not state facts sufficient to constitute a cause of action. (*Holmes* v. *Little,* 86 Hun, 226; *Howe* v. *Striker,* 5 Misc. Rep. 309; L. 1896, ch. 547, § 78; *Kilroy* v. *Wood,* 42 Hun, 636; *Bunnell* v. *Gardner,* 4 App. Div. 321; *Card* v. *Meincke,* 72 Hun, 299; *Tolles* v. *Wood,* 99 N. Y. 616; 1 R. S. 729, § 60; 1 R. S. 730, § 63; *Noyes* v. *Blakeman,* 6 N. Y. 567; *Douglas* v. *Cruger,* 80 N. Y. 15; *Lent* v. *Howard,* 89 N. Y. 169; *Cuthbert* v. *Chauvet,* 136 N. Y. 326; *Matter of Vanderbilt,* 20 Hun, 520; 2 R. S. 135, § 1; *Rome Ex. Bank* v. *Eames,* 4 Abb. Ct. App. Dec. 83; *Powers* v. *Bergen,* 6 N. Y. 358.) The conclusion of the Appellate Division was erroneous. (*Graff* v. *Bonnett,* 31 N. Y. 13; *Rome Ex. Bank* v. *Eames,* 4 Abb. Ct. App. Dec. 83.)

*John W. Hutchinson, Jr.,* and *Walter S. Newhouse* for respondent. Prior to the Revised Statutes, plaintiff would have been entitled to the relief sought under the common

law. (*Bryan* v. *Knickerbacker*, 1 Barb. Ch. 409 ; *Hadden*
v. *Spader*, 20 Johns. 554; *Graff* v. *Bonnett*, 31 N. Y. 25 ;
*Nichols* v. *Levy*, 5 Wall. 441 ; *Rome Ex. Bank* v. *Eames*, 4
Abb. Ct. App. Dec. 99 ; Gray's Rest. on Alien. 82; Wait on
Fraud. Conv. & Creditors' Bills, § 360 ; *Edmeston* v. *Lyde*, 1
Paige, 641 ; *Eager* v. *Price*, 2 Paige, 336 ; *Bank* v. *Windram*,
133 Mass. 175 ; *Jackson* v. *Von Zedlitz*, 136 Mass. 342 ; *War-
ner* v. *Rice*, 66 Md. 436 ; *Lackland* v. *Smith*, 5 Mo. App.
153; *Ghormley* v. *Smith*, 139 Penn. St. 584; *Mackasor's
Appeal*, 42 Penn. St. 330 ; *Frazier* v. *Barnum*, 19 N. J. Eq.
316 ; *Crosby* v. *Ferguson*, 3 J. J. Marsh. [Ky.] 264.) The
provisions of the Revised Statutes and the Civil Code, relative
to this proceeding, were framed for, and do provide, exactly
the relief sought. (Code Civ. Pro. § 1871; *Craig* v. *Hone*,
2 Edw. Ch. 568 ; *Hadden* v. *Spader*, 20 Johns. 554; Chap-
lin on Trusts, § 705 ; *Chautauque Co. Bank* v. *White*, 6 N. Y.
236 ; *Chautauque Co. Bank* v. *Risley*, 19 N. Y. 369 ; *Scoville*
v. *Halliday*, 16 Abb. [N. C.] 43 ; *Farnham* v. *Campbell*,
10 Paige, 598 ; *McArthur* v. *Hoysradt*, 11 Paige, 495 ;
*Scoville* v. *Shed*, 21 Wkly. Dig. 389 ; 1 R. S. 729, § 60 ; *Tomp-
kins* v. *Fonda*, 4 Paige, 448 ; *Payne* v. *Becker*, 87 N. Y.
153 ; *Le Roy* v. *Rogers*, 3 Paige, 236 ; *Hallett* v. *Thompson*,
5 Paige, 586 ; *Bramhall* v. *Ferris*, 14 N. Y. 41 ; *Graff* v.
*Bonnett*, 31 N. Y. 9 ; *Campbell* v. *Foster*, 35 N. Y. 366 ;
*Williams* v. *Thorn*, 70 N. Y. 270 ; *Tolles* v. *Wood*, 16 Abb.
[N. C.] 25.)

BARTLETT, J.    This appeal certifies two questions :

"*First.* In case a party who, when solvent, executes a deed
of trust of real property situate in this state, whereby he con-
veys the same to a trustee, reserving to himself the payment
to him from time to time during his life of the net income
from the trust estate, subject to the necessary expenses of the
trustee, with a remainder over, and with full power to sell in
said trustee ; can a party, who at the time of the creation of
the trust was not a creditor of the creator or beneficiary of
the trust, but who subsequently became a creditor, and who

thereafter obtained a judgment upon his debt and issued an execution upon the judgment against the property of the said beneficiary, and had the same returned unsatisfied, in an action like the present one, recover any relief or any judgment which will authorize the sale of the right, title or interest of the beneficiary in the said trust or a judgment requiring the trustee to pay over to said creditor the entire net income from the said trust estate as it accrues ? "

" *Second.* Whether in such a case an interest reserved for his own benefit by the founder of a trust is subject to the claim of his subsequent creditors, and if so, to what extent ? "

The main question is whether a person can place his property in trust, with remainder over, reserving to himself the beneficial interest for his life, subject to the expenses of the trust, and thereby put the life interest beyond the reach of creditors whose claims arose after the creation of the trust ? The Special Term answered this question in the affirmative, and the Appellate Division has taken the contrary view.

We are of opinion that the Appellate Division reached the proper conclusion.

While it is true that in this and other states the English rule has been modified, which makes the interest of a beneficiary under a trust created for his benefit by a third party, subject to the claims of his creditors, yet we have not ignored the general policy of the law that creditors shall have the right to resort to all the property of the debtor not protected by statute.

The provisions of the Revised Statutes, as construed by the courts, render this clear.

In 2 R. S. p. 174, § 38, is the following provision : " Whenever an execution against the property of a defendant, shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution, may file a bill in chancery against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money, or thing in action, due to him, or held in trust for him ; and to prevent the transfer of any such property, money

or thing in action, or the payment or delivery thereof, to the defendant, except where such trust has been created by, or the fund so held in trust has proceeded from some person other than the defendant himself."

This section has been substantially preserved in Code of Civil Procedure, sections 1871, 1879. It was at first contended that this statute protected absolutely the interest of a debtor in a trust created for his benefit by a third party, but it is now the settled law that this provision must be read with 1 R. S. p. 729, § 57, providing that the surplus income of a trust estate shall be liable in equity to the claim of the creditors of the *cestui que trust*. ( *Williams* v. *Thorn*, 70 N. Y. 270; *Graff* v. *Bonnett*, 31 N. Y. 9.)

The statute quoted (2 R. S. p. 174, § 38) clearly implies that a trust created by the debtor under which he is the beneficiary, does not protect his interest from the pursuit of creditors, as it is, in contemplation of law, property which he has put aside for his own use, and, consequently, a part of his estate to which creditors are entitled.

This general principle is also recognized by the Code of Civil Procedure (section 2463).

A trust created by a debtor, and under which he is the beneficiary, is not affected by the provision of the Revised Statutes (1 R. S. p. 730, § 63) which prohibits a person beneficially interested in a trust for the receipt of the rents and profits of lands from assigning or disposing of the same.

The policy of this statute is clear, when applied to trusts created by third parties, but is without force when the debtor creates the trust.

The statute is obviously designed to assist the creators of trusts in protecting and caring for the beneficiaries who are the natural objects of their solicitude and care, but it cannot be invoked by a debtor to protect a trust which he has created to serve in time of need as a refuge from his creditors.

The defendant Barnes being out of debt in October, 1893, was at liberty, if he saw fit, to give away all his property, real and personal, to those of his blood or to strangers.

There would be no creditor to complain if he was moved to act in so unusual and improvident a manner.

As matter of fact he did at that time, as to the real estate in question, divest himself of the legal title, reserving under a conveyance, in trust, a beneficial interest in the property for life, with remainder over.

The present action in no way challenges the right of Barnes to thus divest himself of the legal title to this real estate, but plaintiff, as a subsequent creditor, seeks to have appropriated to the payment of her judgment such interest as Barnes reserved to himself in the property and nothing more. It would be a startling and revolutionary doctrine to hold that this reserved interest cannot be reached by the plaintiff as a creditor. If such is the law it would make it possible for a person free from debt to place his property beyond the reach of creditors, and secure to himself a comfortable support during life, without regard to his subsequent business ventures, contracts or losses.

In Massachusetts and Pennsylvania it has been held that no such result can be accomplished. (*Pacific Nat. Bank* v. *Windram*, 133 Mass. 175; *Mackason's Appeal*, 42 Penn. St. 330.)

The prayer of the complaint in the case at bar asks the court to determine the amount of the interest which defendant Barnes reserved to himself in the trust fund, and to order it sold and applied on the judgment. A person for whose benefit a trust is created takes no estate or interest in the lands, but he can enforce the performance of the trust in equity. (1 R. S. 729, § 60.) This right to enforce is a chose in action, and personal property in the hands of defendant Barnes in the case before us, and liable in equity for his debts. (*Tompkins* v. *Fonda*, 4 Paige, 448; *Payne* v. *Becker*, 87 N. Y. 153.)

It is the settled policy of this state that, where property is held in trust for a debtor and the fund proceeds from a third party, the creditor can only reach the surplus income after providing for the proper support of the *cestui que trust*, but

if the debtor created the trust his entire reserved interest is a fund to which his creditors can resort. (*Graff* v. *Bonnett*, 31 N. Y. 9.) HOGEBOOM, J., in the case last cited (p. 14), said : " In other words, it was a legislative declaration, in language intended to be explicit, but possibly liable to some misconstruction, that property held in trust for the debtor, when such trust proceeded from himself, was in no case to be protected for his benefit; but where the trust or the fund proceeded from some other source, the liability of the property to, or its exemption from judicial seizure, was to depend upon the general provisions of law applicable to trust property."

We are asked to answer two questions which may be thus stated : (1) Can this plaintiff, under the circumstances disclosed, recover a judgment which will authorize the sale of the debtor's interest in this trust, or require the trustee to pay over the entire net income as it accrues ?

(2) Where the founder of a trust reserves an interest for his own benefit, is it subject to the claim of his subsequent creditors, and if so, to what extent ?

The second question differs little, if any, from the first, and seems to put the inquiry merely in a changed form.

Under section 190 of the Code of Civil Procedure, the jurisdiction of the Court of Appeals is confined to the review of actual determinations made by the Appellate Division of the Supreme Court.

The idea that a question may be certified to this court for its decision, whether it arose in the case and was passed upon by the Appellate Division or not, seems to prevail to some extent at least. It is, however, an erroneous conception of the powers and duties of this court, which has only such jurisdiction as is conferred upon it by statute, wherein is not included the power of determining abstract questions, or those which have not been actually determined by the court certifying them.

We have already held that the court will decline to answer any question certified, unless it is sufficiently definite to prevent different answers under differing circumstances. We

have also held that we will not answer abstract questions, nor those that have not been decided by the court below. (*Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449; *Baxter* v. *McDonnell*, 154 N. Y. 432, 436; *Hearst* v. *Shea*, 156 N. Y. 169.)

Following the principle of those cases, it must be held that the questions certified in this case can be reviewed only so far as they actually arose and were determined by the Appellate Division. To that extent we answer them in the affirmative; but so far as they were not determined by that court, we decline to answer them.

The learned Appellate Division, in its opinion, uses this language : " In what manner the debtor's life interest shall be appropriated to the plaintiff's claim, whether by collecting the rents and applying the income from time to time upon the judgment, or by a sale of the life estate for a similar object, it is unnecessary to determine. We hold that in some manner or other the debtor's interest is subject to plaintiff's judgment."

It is quite possible that the demurrer to the complaint, when strictly construed, entitled the plaintiff to specific directions from the Appellate Division as to the precise manner in which the life estate of defendant Barnes is to be dealt with in the event of final judgment against him. These directions were not given, however, and we confine ourselves to the determination of the Appellate Division.

The order and interlocutory judgment appealed from should be affirmed, with costs, and the questions answered as above stated.

GRAY, J.  I think that this judgment should be affirmed upon the broad ground that the Revised Statutes of this state have only changed the common-law rule, which subjected the interest of the beneficiary of a trust to the claims of his creditors, so far as to protect that interest when under a trust created by another than the beneficiary. The statutory provision, relied upon as affording a general protection to all beneficiaries, irrespective of the manner of the creation of the trust, does

not when fairly read, imply a trust founded by the beneficiary
himself.    That " no  person, beneficially interested in a trust
for the receipt of  rents and profits of land, can assign, or, in
any manner, dispose of, such interest " not only imports, by
the language, that the founder of the trust and the beneficiary
are two different persons; but such is the meaning required
by the policy of the law.    The changes, effected by the adop-
tion of our Revised Statutes in the rules of the common law,
proceeded upon a sound policy and principle, and not arbitra-
rily.    Both  policy and  principle  were  opposed  to  granting
immunity to a beneficiary against the claims of his creditors,
if his interest was  one reserved in a trust created by himself
for his own benefit.    The principle, which underlay the statu-
tory  provision, making  the interest of the  beneficiary in a
trust created by another inalienable, was that of affording pro-
tection to a provision, which, in theory of law, had been made
for the helpless, the unfortunate, or the improvident.    That is
a just principle and one which the policy of the law sanctions.
The  creditor  cannot  complain, if  he  is  unable to  reach  the
estate of his debtor, under  a  trust  created in the property of
a third person.    But  neither principle, nor policy, can justify
the protection of the debtor's estate against the claims of his
creditors, when it is one of his own creation.    Although, as in
the present case, a person may have placed the legal title to his
property in another ; nevertheless, if he has in the conveyance
reserved to himself a life interest in the enjoyment of the
rents and profits, it is clear that he has not divested himself of
anything more than the legal title and the power of disposi-
tion.    He *still  has that* interest which made the legal posses-
sion of the property valuable ; namely, the enjoyment of the
income.    In other words, what the appellant sought to do, in
this case, was to place his own property in such a legal situation
that, while he might enjoy its income, his creditors could have
no resort  to it in  order  to satisfy the  debts which he might
incur.    Sound public policy condemns such a proposition.    As
it is clearly shown, in the  opinion of Justice Cullen, it was
never contemplated  by the authors of the Revised Statutes

that the section, above quoted and relied upon, was intended
to apply to a case where a debtor himself created the trust.
I think that we may safely rest the affirmance of this judgment
upon that broad ground, and without resort to other provisions
of the statutes to make clear the conclusions reached, that one
may not secure to himself the enjoyment of a life interest in
his own property, which shall be beyond the reach of the just
claims of his creditors.

PARKER, Ch. J. (dissenting.)  I am unable to agree in the
decision about to be made, for the reason that it seems to me
clear that the legislature has established the law applicable
to this case adversely to the holding of the court.

· It appears that the defendant Barnes in October, 1883,
while he was out of debt, conveyed real estate to a trustee in
trust, "reserving to himself the beneficial interest in the said
property for life, subject to the necessary expenses of the said
trustee, with remainder over, and with full power of sale in
said trustee;" that the said trustee accepted his trust and at
the time of the commencement of this action was in possession
of the property.  Since that time Barnes seems to have
become indebted to the plaintiff, who now seeks by this action
to collect her claim out of the property so conveyed in trust.

It is the law in England that the interest or income of the
equitable life tenant (with the single exception of a trust for
a married woman) is alienable by the beneficiary, passes to an
assignee in bankruptcy and is at all times subject to the claims
of creditors.  Such was formerly the law in this state, and in
many of our sister states.  The legislature in its wisdom saw
fit to disregard the views of the judges and to reverse the law
as settled by the courts.  No good purpose can be accom-
plished by a discussion of the question whether the courts, or
the legislature were in the right.  The legislature had the
power to change the law on that subject absolutely, and did
it.  The statute reads:  "No person beneficially interested
in a trust for the receipt of the rents and profits of lands, *can
assign or in any manner dispose of such interest;* but the

rights and interest of every person for whose benefit a trust for the payment of a sum in gross is created, are assignable." (1 R. S. 730, § 63.) What the beneficiary cannot grant by way of anticipation, the court cannot, except to the extent declared in another provision of the statute, which reads "the surplus of such rents and profits beyond the sum necessary for the education and support of the benficiary, shall be liable for the claims of his creditors." (Revised from 1 R. S. 729, § 57; see III Birdseye's R. S., p. 2613, § 78, second ed.)

It is not alleged in this complaint that there is any surplus of income over and above that needed for the support of Barnes, and, therefore, this provision is not applicable to the case in hand.

A person, therefore, who is "beneficially interested in a trust for the receipt of the rents and profits of lands," cannot dispose of the income by way of anticipation, nor can his creditors claim it, except as to the surplus as prescribed by the provisions of the statutes quoted. (*Douglas* v. *Cruger*, 80 N. Y. 15; *Lent* v. *Howard*, 89 N. Y. 169.)

That would seem to leave only the question whether there was a valid trust created in the lands in controversy.

It is not pretended that it is invalid against the plaintiff upon the ground that it was made to hinder, delay and defraud creditors. The deed is in due form and was properly executed; its trust provisions are in harmony with the statutes bearing upon that subject, and there is no claim that it was not valid at the time of the creation of the trust. That being so, the trust is governed by the Revised Statutes, the whole estate in law and equity became vested in the trustee, and the appellant has no estate or interest whatever in the lands. (1 R. S. 729, § 60.)

It has been said in this case, with reference to the assertion that a creditor cannot reach the beneficial income in the trust estate, that "the proposition itself would seem to shock our sense of justice." That was the position which the courts formerly took as to the beneficial income of all trusts in lands. Recognizing that the statute has some force and cannot be

altogether ignored, the decision is to the effect that where trusts are created by third parties, only the surplus of income can be obtained by the creditor, but that a different rule applies where the income goes to the founder of the trust.

There is no such distinction pointed out in the statute; it does not speak of a person beneficially interested in a trust created by third parties or by the founder of a trust. It refers to persons beneficially interested in a trust " for the receipt of the rents and profits of lands." This language is broad enough to include all trusts in land created in conformity with the statutes, and the rules of statutory construction require that the language employed should be so construed ; the greater includes the less, and I see no escape from holding that it covers every valid trust in lands created under the Revised Statutes, and this must be conceded to be such a trust. If the public interests require that a distinction shall be made as to the disposition of the income to creditors where the trust is created by a third party and where the founder of the trust is the person beneficially interested in the income, then the legislature can and probably will make the change. But it is not the province of the court to make it.

I advise a reversal of the judgment.

HAIGHT, MARTIN and VANN, JJ., concur with BARTLETT, J., for affirmance; GRAY, J., also reads for affirmance; O'BRIEN, J., concurs with PARKER, Ch. J., for reversal.

Order and judgment affirmed.