In the Matter of the Application of TAMAR M. COATSWORTH, HARRIET M. JACKMAN and ALBERT T. COATSWORTH, Landlords, Appellants, for the Removal of LOUIS SCHOELLKOPF et al., Tenants and Undertenants, Respondents, from Premises.

1. LANDLORD AND TENANT — SUFFICIENCY OF NOTICE TO TERMINATE LEASE — QUESTION OF PAYMENT TO TENANT FOR IMPROVEMENTS. Where a lease for a term of years, containing a provision as to payment to the tenant for improvements erected by him, provides that in case the landlord does not give six months' notice in writing of his election to take possession of the premises at the expiration of the term he will renew and continue the demise and lease, and the exact words of the notice are not prescribed, a notice stating that the landlord elects to take possession of the premises "pursuant to the provisions of the said lease" is sufficient,

without containing an express promise to pay for the improvements, since if, under the provisions of the lease, the landlord is required to pay for the improvements, a taking of possession under the notice will be under a promise to make such payment.

2. PAYMENT TO TENANT FOR IMPROVEMENTS, NOT A CONDITION PRECEDENT TO SURRENDER OF POSSESSION.  Where a lease contains a covenant on the part of the landlord that at the expiration of the term without renewal he will pay the tenant the value of the improvements that may then be standing upon the premises, to be ascertained by appraisal, with no provision requiring payment before delivery of the premises, payment for the improvements is not a condition precedent to the surrender of possession by the tenant, but the lease is to be construed as contemplating an appraisement after the termination of the lease, and the landlord's covenant is to be construed as a covenant to pay after the value of the improvements has been ascertained by appraisal.

3. SUMMARY PROCEEDING — POSSESSION PROPERLY AWARDED TO LANDLORD, WITHOUT PREJUDICE TO ACTION BY TENANT FOR PAYMENT FOR IMPROVEMENTS.  Where, in a summary proceeding for the removal of a tenant, holding over under the claim that a notice of the landlord's election to retake possession did not comply with the terms of the lease and that he was entitled to payment for improvements before surrendering possession, it is found that payment for the improvements was not a condition precedent to the right of the landlord to recover possession, and that the notice was sufficient to terminate the lease, it is proper to award possession to the landlord, but without prejudice to any action the tenant may be advised to institute.

4. APPEAL — CERTIFIED QUESTIONS.  Questions which were not properly before the original tribunal, in a summary proceeding for the removal of a tenant, are not answered by the Court of Appeals, although certified to it by the Appellate Division.

*Matter of Coatsworth,* 37 App. Div. 295, reversed.

(Argued June 7, 1899; decided October 3, 1899.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 17, 1899, reversing an order of the Erie county judge awarding to the petitioners a warrant in summary proceedings for the removal of the respondents from certain premises in the city of Buffalo.

The facts, so far as material, and the questions certified are stated in the opinion.

*John Cunneen* for appellants.  The agreement of the parties to each renewal did not reiterate the agreement of the

lessors to build, nor of the lessees to pay for the building. (*Walton* v. *Meeks*, 120 N. Y. 79; *Carr* v. *Ellison*, 20 Wend. 178; *Rutgers* v. *Hunter*, 6 Johns. Ch. 215; *Willis* v. *Astor*, 4 Edw. Ch. 617; *Leary* v. *Hutton*, 35 N. Y. S. R. 774; *Banker* v. *Braker*, 9 Abb. [N. C.] 411; *Syms* v. *Mayor, etc.*, 105 N. Y. 153; *Austin* v. *Stevens*, 38 Hun, 41; *Muhlenbrinck* v. *Pooler*, 40 Hun, 526.) The landlords were entitled to recover possession of the property irrespective of their liability to pay for the buildings. (*Tallman* v. *Coffin*, 4 N. Y. 134; *Scovell* v. *Maury*, 4 Alb. L. J. 13.) If the right to recover the value of the buildings exists, it does not belong to the tenants. (*Sebald* v. *Mulholland*, 155 N. Y. 455; *Cole* v. *Hughes*, 54 N. Y. 444; *Hart* v. *Lyon*, 90 N. Y. 663; *Scott* v. *McMillan*, 76 N. Y. 141; *Mott* v. *Oppenheimer*, 135 N. Y. 312.)

*John L. Romer* for respondents. The notice served upon Messrs. Schoellkopf, the tenants, by the owners of the reversion, on the 6th day of August, 1896, did not comply with the provisions of the lease, and hence was not effectual for its termination. (*Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *A. Ins. Co.* v. *People's Bank*, 62 Fed. Rep. 222.) The third question submitted, as it is presented in the record, is not pertinent to the case. (*Thompson* v. *Rose*, 8 Cow. 266.) The covenant to pay for the "good and substantial brick buildings, suitable for commercial and business purposes," agreed to be erected by Dudley on the demised premises, is a covenant running with the land, and so imposes upon the appellants in this case, who now own the demised premises as heirs and devisees of the lessors, an obligation to pay to the tenants, who are Dudley's grantees, through sundry mesne conveyances, the value of the buildings erected by Dudley. (*Thomson* v. *Rose*, 8 Cow. 266; *Cole* v. *Hughes*, 54 N. Y. 444; *Nye* v. *Hoyle*, 120 N. Y. 195; *Mott* v. *Oppenheimer*, 135 N. Y. 312; *Mygatt* v. *Coe*, 124 N. Y. 212; 142 N. Y. 78; 147 N. Y. 456; *Wray* v. *Rhinelander*, 52 Barb. 553; *Kellogg* v. *Robinson*, 6 Vt. 279.) The parties, by their own acts,

have given to this lease a practical construction favorable to the respondents' position. (*French* v. *Carhart*, 1 N. Y. 96; *Chicago* v. *Sheldon*, 9 Wall. 50; *Topliff* v. *Topliff*, 122 U. S. 131.)

Haight, J. On the first day of April, 1847, Caleb Coatsworth and wife, and John Coatsworth and wife, as owners, made and executed a written lease, under seal, to Thomas J. Dudley, of certain vacant land situated in the city of Buffalo, bounded by Main, Quay and Washington streets and the Hamburg canal, for the term of fifteen years at an annual rent specified in the lease. The lease, among other things, contained the following provisions: " And the said party of the second part further covenants and agrees to and with the said party of the first part that he will within three years from the first day of April, 1847, at his own proper cost and expense, erect good, substantial brick buildings suitable for commercial and business purposes on all of said demised premises, covering the premises hereby demised, or covering them as nearly as is practical for business purposes, with such buildings as aforesaid. And the party of the first part covenant and agree to and with the party of the second part, his executors, administrators and assigns, that at the expiration of the term above created unless they give the notice hereinafter provided for for the purpose of renewing and continuing this lease, (upon the said party of the second part having kept and performed all of these covenants and agreements herein contained on his part), they will pay the said party of the second part, his executors, administrators or assigns, the value of the said buildings that may then be standing upon said demised premises with the vaults and sidewalks that shall have been constructed on said premises as the said value thereof shall then be. Such value to be ascertained in the way hereinafter provided. And it is mutually provided and agreed that such value of said buildings, vaults and sidewalks shall be ascertained by three disinterested men of approved integrity, one of whom shall be chosen by each party hereto, and the third man to be selected and chosen by the two men so to be selected by the parties.

" And the said parties of the first part further covenant and agree to and with the party of the second part, his executors, administrators and assigns, that in case they do not give the party of the second part, his executors, administrators or assigns, at least six months' notice in writing before the first day of April, 1862, of their election to take possession of said demised premises at the expiration of this lease and to pay for said buildings, vaults and sidewalks at such appraised value, that then and in that event they will renew and continue this present demise and lease, and such omission to give said notice shall be deemed and taken to be a renewal and continuance of this demise and lease for five years from the said first day of April, 1862, upon the same terms and conditions hereinbefore expressed, except that the rent for said renewed and continued term shall be $700 per annum, payable in the same way as the last five years' rents above provided for. And they also covenant and agree as aforesaid that so often as they shall fail to give said six months' notice before the termination of such renewed term they will renew the said demise and lease, and such failure shall be deemed a renewal thereof for five years from the termination thereof, on the same terms and conditions as the said first renewal and continuance."

The petitioners are the present owners of the premises. The respondents are the tenants in possession, occupying the premises as assignees of the tenant Thomas J. Dudley, or as undertenants. Dudley, in accordance with the provisions of the lease, caused brick buildings to be erected upon the premises suitable for commercial and business purposes, covering, as nearly as is practical, the whole of such lands. No notice was served terminating the lease and it, therefore, was renewed or continued from term to term for the period of fifty years and until the first day of April, 1897. On the 6th day of August, 1896, the owners caused to be served upon the respondents the following notice, marked Exhibit A :

" To Louis Schoellkopf and Alfred Schoellkopf :

" Sirs.—You will take notice that we, as owners of premises bounded by Main street, Quay street, Washington street

and the Hamburg canal, and more particularly described in a certain lease bearing date April 1st, 1847, executed by Caleb Coatsworth and Jane F., his wife, and John Coatsworth and Jane Coatsworth of the city of Buffalo, N. Y., of the first part, and Thomas J. Dudley, of the same place of residence, of the second part, and recorded in Erie county clerk's office in liber 106 of deeds at page 356, April 20, 1849, hereby elect to take possession of the said demised premises pursuant to the provisions of said lease, on the first day of April, 1897, and hereby notify you that said lease shall terminate on that day.

"Dated Buffalo, *July* 30, 1896.

      "ALBERT T. COATSWORTH,

      "HARRIET M. JACKMAN,

      "TAMAR M. COATSWORTH.

"Cunneen & Coatsworth, attorneys for owners, 85 West Eagle street, Buffalo, N. Y."

Shortly after the service of this notice it was stated to the tenants Louis and Alfred Schoellkopf, on behalf of the owners, that they disputed their responsibility to make compensation for the buildings upon the property, and claimed to be under no obligation to pay therefor. Thereupon the tenants refused to surrender the possession of the premises on the first day of April, 1897, and these proceedings were subsequently instituted before the county judge to remove them therefrom, which resulted in an order of the judge that a warrant issue for their removal, but reserving all questions as to compensation to the tenants for the value of the buildings and to be without prejudice to the rights of the tenants to institute such actions at law therefor as they may be advised. Upon the warrant so issued the tenants were removed and the petitioners placed in possession. An appeal was taken by the tenants to the Appellate Division where the order of the county judge was reversed and a restitution of the premises ordered to be made. An appeal was then taken by the petitioners to this court, with the consent of the Appellate Division, which court certified the following questions for our determination:

1. Did each of the renewals of the demise and lease contained in the lease from Caleb Coatsworth and others to Thomas J. Dudley, made the first day of April, 1847, include a renewal of the agreement of the lessor or lessors for the time being, to pay for the buildings, vaults and sidewalks on the said premises?

2. Did Albert T. Coatsworth, Harriet M. Jackman and Tamar M. Coatsworth, the applicants and respondents in this proceeding, by the service of the notice in this proceeding distinguished as Exhibit A, on the tenants herein on or about the 6th day of August, 1896, terminate the tenancy of the said tenants under the said lease from Caleb Coatsworth and others to Thomas J. Dudley and others on the first day of April, 1897, and was the said notice, "Exhibit A," in proper form to effect that result pursuant to the provisions of said lease?

3. Was the agreement of Caleb Coatsworth, contained in the said lease, to pay for the said buildings unless he renewed the said lease at the expiration of the first term of fifteen years severable from and assignable independent of the covenants and demise and lease in said lease contained?

The Appellate Division appears to have reached the conclusion that the notice served upon the tenants by the landlords on the 6th day of August, 1896, was not a compliance with the requirements of the lease; that it was void and that, therefore, the lease was continued for another period of five years from the first day of April, 1897. Our examination of the case has led to a different conclusion. The only defect claimed in the notice is that it does not contain an express promise to pay for the buildings at their appraised value. The learned Appellate Division appears to have been of the opinion that the lease prescribed the form of the notice and that the promise to pay was a part thereof. We incline to the view that the wording of the lease does not justify such a conclusion. By it, the parties agree that in case the landlords do not give six months' notice in writing of their election to take possession of the demised premises at the expiration of the lease and pay for the buildings, vaults and sidewalks

at the appraised value, they will renew and continue this present demise and lease, etc. This does not purport to prescribe the form of the notice *in hæc verba,* but only gives the substance. Upon referring to the notice it will be seen that the owners elect to take possession of the premises " pursuant to the provisions of the said lease," so that, if under the provisions of the lease, they are required to pay for the buildings, they take possession under the promise to pay therefor. It appears to us that this is a substantial compliance with the terms of the lease and answers every requirement of the notice.

Assuming, for the purposes of this argument, but without so deciding, that the covenant to pay for the buildings was one running with the land, the question then arises as to whether the promise to pay was a condition precedent to the right to recover possession. The covenant on the part of the landlords is that at the expiration of the term they will pay for the value of the buildings that may *then* be standing upon the premises. It will be observed that the lease is silent as to the time when payment shall be made and that there is no provision requiring payment before delivery of the possession of the premises. In the absence of such provisions the law would doubtless require payment to be made as soon as the amount was ascertained and determined. This amount could not well be ascertained before the termination of the lease; for the condition of the buildings then standing upon the premises could not well be determined before the arrival of that event. The lease provides for the determination of their value at that time by three disinterested persons who are to be chosen in accordance with the provisions of the lease. This, manifestly, contemplates an appraisement after the termination of the lease, and after it has become possible to determine the condition of the buildings to be appraised. It, consequently, appears to us that payment was not required ·by the terms of the lease as a condition precedent to the surrender of possession, but that the covenant was to pay after the value of the improvements had been ascertained by appraisal under the

16

provisions of the lease. We are aware that there are authorities holding that where a lease contains a covenant that the lessee shall be paid for the value of the buildings or given a new lease for an additional term, that the tenant may retain possession until he has received his pay or a new lease. (*Paine* v. *Rector, etc., of Trinity Church*, 7 Hun, 89, 91, and authorities there cited.) But it will be observed that in those cases the provision is that the tenant *shall be paid* or a new lease given him. There we have an alternative. He is entitled to one or the other. But these cases have no application to that under consideration in which no such provisions are to be found in the lease. This case is rather in accord with that of the first lease considered in *Van Rensselaer's Heirs* v. *Penniman* (6 Wend. 569). In that case there were two leases under review. The first required the landlord, upon the termination of the lease, to pay the tenant " for the buildings and improvements that may be made upon said land by the said Henry Cuyler, his heirs, executors, administrators or assigns, as they shall be valued by two indifferent persons." The other provided that " on the payment of what the buildings and improvements shall so be valued at, he, the said Henry Cuyler, his heirs, executors, administrators or assigns, shall yield up the possession thereof." With reference to the first lease it was held that the tenant was entitled to compensation for his improvements, but that he was not entitled to retain possession until they were paid for, and that under the second lease he was entitled to pay for his buildings, and that he was not required to surrender the possession of the premises until they were paid for. (See, also, *Tallman* v. *Coffin*, 4 N. Y. 134.)

The Appellate Division undertook to determine the question as to the rights of the tenants to payment for the buildings upon the premises. We do not understand that this question was properly before the county judge, or that he had jurisdiction to determine it. After having reached the conclusion that payment was not a condition precedent to the right of the petitioners to recover possession, and that the notice was

sufficient to terminate the lease, he very properly awarded possession to the landlords, but without prejudice to any action or proceeding that the tenants might be advised to institute.

The first and third questions were not properly before the county judge for his determination, and for that reason should not be answered by us. As to the second question, we think it should be answered in the affirmative, and that the order of the Appellate Division should be reversed and that of the county judge affirmed, with costs in this court and the Appellate Division.

All concur (PARKER, Ch. J., in result), except MARTIN, J., not voting.

Ordered accordingly. .