OTTILIE MARIE STEINWAY et al., Infants, by OTTILIE C. RECK-
NAGEL, their Guardian ad Litem, Respondents, *v.* LOUIS
VON BERNUTH, as Executor of and Trustee under the Will
of GEORGE A. STEINWAY, Deceased, Appellant, Impleaded
with Others.

APPEAL — CERTIFIED QUESTION. A certified question as to the pro-
priety of the Supreme Court exercising its discretion on a state of facts not
presented by the complaint must be regarded as containing an abstract
statement of facts, and is not reviewable by the Court of Appeals.
*Steinway* v. *von Bernuth,* 59 App. Div. 261, appeal dismissed.

(Argued June 5, 1901; decided June 14, 1901.)

APPEAL, by permission, from an order of the Appellate Divis-
ion of the Supreme Court in the second judicial department,
entered March 20, 1901, affirming an interlocutory judgment
of Special Term overruling demurrers to the complaint.

The question certified is stated in the opinion.

*John Delahunty* and *G. W. Cotterill* for appellant.

*R. Burnham Moffat* for respondents. The question certi-
fied asks for a review by the Court of Appeals of an order of
the Supreme Court resting in discretion. The Court of
Appeals has no power to entertain the question. (*Rogers* v.
*King,* 8 Paige, 210 ; *Christy* v. *Libby,* 5 Abb. Pr. [N. S.]
192 ; 35 How. Pr. 119 ; *Haddow* v. *Lundy,* 59 N. Y. 320 ;
*Chipman* v. *Montgomery,* 63 N. Y. 221 ; *Wager* v. *Wager,*
89 N. Y. 161 ; *Sanders* v. *Soutter,* 126 N. Y. 193 ; *Reilley* v.
*D. & H. C. Co.,* 102 N. Y. 386 ; *De Camp* v. *Thomson,* 159 N.
Y. 444 ; *White* v. *Benjamin,* 150 N. Y. 258 ; *Lawrence* v.
*Farley,* 73 N. Y. 188.) The question certified in this case is
an abstract question of law not presented by the record or
actually determined by the court below, for the reason that
the Surrogate's Court has no power to grant to the plaintiffs
the relief to which they are shown by the record to be entitled.

(*Schenck* v. *Barnes*, 156 N. Y. 316 ; *Coatsworth* v. *L. V. Ry. Co.*, 156 N. Y. 451 ; *Matter of Coatsworth*, 160 N. Y. 114 ; *Fernandez* v. *Fernandez*, 15 App. Div. 469 ; *McGregor* v. *McGregor*, 35 N. Y. 218 ; *Simpson* v. *Simpson*, 44 App. Div. 492.)

BARTLETT, J.    The Appellate Division certifies that the following question of law has arisen, which in its opinion ought to be reviewed by this court, viz. : "Should the Supreme Court entertain jurisdiction of an action in equity against an executor for an accounting and relief incident thereto, when the plaintiff can obtain such accounting and such relief by a proceeding against the said executor in a Surrogate's Court ? "

In view of the allegations of the complaint, which must be taken as true for the purposes of this appeal, we do not feel called upon to answer the question submitted.    As framed it asks this court to pass upon the propriety of the Supreme Court exercising its discretion on a state of facts not presented by the complaint.    The complaint tenders an issue that cannot be tried in the Surrogate's Court and the accounting prayed for is incidental to the main relief sought.

The question certified must, therefore, be regarded as containing an abstract statement of facts which cannot be reviewed by this court.    (*Schenck* v. *Barnes*, 156 N. Y. 316, 323, and cases cited ; *Matter of Coatsworth*, 160 N. Y. 114, 123.)

The appeal should be dismissed, with costs.

PARKER, Ch. J., HAIGHT, VANN, LANDON, CULLEN and WERNER, JJ., concur.

Appeal dismissed.