### KENE v. HILL et al.

(Supreme Court, Appellate Division, Second Department. March 17, 1905.)

TRUST—ACTION BY CREDITORS AGAINST CESTUI QUE TRUST—FRIVOLOUS ANSWER.

Where creditors seek to reach the beneficial interest of their judgment debtor in a voluntary trust which she had created for herself, an answer that the rents of the premises which were subject to the trust, after paying therefrom the interest on the mortgage, taxes, repairs, and insurance, were insufficient for the proper support and maintenance of defendant, and that there was no surplus income derived from the premises, is frivolous.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 7, 195.]

Appeal from Special Term, Westchester County.

Action by Emma C. Kene, as executor of the will of Cornelius E. Kene, deceased, against Rosalie L. Hill and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

William L. Snyder, for appellants.
Clarence L. Barber, for respondent.

WILLARD BARTLETT, J. The judgment appealed from was rendered against the defendants Mertil Luikert and Leopold A. Weill on account of their failure to answer herein, and against the defendant Rosalie L. Hill on the ground that her answer was frivolous. In opposition to the motion for judgment, it was contended that the Supreme Court was precluded from entertaining it by reason of a stay of proceedings in proceedings in bankruptcy in the United States District Court, but we think that the learned judge at Special Term was right in holding that the stay had expired.

The motion for judgment upon the answer of the defendant Rosalie L. Hill, as frivolous, was properly granted. The plaintiff sought, under the doctrine of Schenck v. Barnes, 156 N. Y. 316, 50 N. E. 967, 41 L. R. A. 395, to reach the beneficial interest of that defendant in a voluntary trust which she had created for herself, and the complaint contained appropriate allegations setting out a cause of action. The answer contained no averments sufficient to constitute a defense. It is true that in the fourth subdivision thereof the defendant alleged that the rents of the premises which were the subject of the trust, after paying therefrom the interest on the mortgage, taxes, repairs, and insurance, were wholly insufficient for the proper support and maintenance of the defendant, and that

there was no surplus income derived from the said premises. This might be enough to raise an issue if accompanied by an averment that the trust had been created by some person other than the judgment debtor, but there is no such averment in the answer; and, upon a motion for judgment upon a pleading as frivolous, statements contained in affidavits cannot be considered. Dancel v. Goodyear Shoe Machinery Co., 67 App. Div. 498, 73 N. Y. Supp. 875.

We think that the plaintiff is entitled to an affirmance.

Judgment overruling answer as frivolous affirmed, with $10 costs and disbursements. All concur.