EMMA C. KENE, as Executrix, etc., of CORNELIUS E. KENE, Deceased, Respondent, v. ROSALIE L. HILL, Individually, and MERTIL LUI-KERT and LEOPOLD A. WEILL, as Trustees under a Deed of Trust from ROSALIE HILL, Appellants.

*Creditor's action to set aside a voluntary trust created by the judgment debtor for her own benefit — an answer that the income is insufficient for her support is frivolous — affidavits not considered on a motion for judgment on a frivolous pleading.*

Where, in an action brought to reach the beneficial interest of the defendant in a voluntary trust which she had created for her own benefit, the defendant inter-poses an answer alleging that the rents of the premises which were the subject of the trust, after paying therefrom the interest on the mortgage, the taxes, repairs and insurance, were wholly insufficient for the proper support and maintenance of the defendant and that there was no surplus income derived from the said premises, the plaintiff is entitled to judgment on the ground that the answer is frivolous.

Upon a motion for judgment upon a pleading as frivolous, statements contained in affidavits cannot be considered.

APPEAL by the defendants, Rosalie L. Hill, individually, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of October, 1904, upon the decision of the court rendered after a trial at the Kings County Special Term.

*William L. Snyder*, for the appellants.

*Clarence L. Barber*, for the respondent.

WILLARD BARTLETT, J.:

The judgment appealed from was rendered against the defendants Mertil Luikert and Leopold A. Weill on account of their failure to answer herein; and against the defendant Rosalie L. Hill on the ground that her answer was frivolous. In opposition to the motion for judgment it was contended that the Supreme Court was pre-cluded from entertaining it by reason of a stay of proceedings in bankruptcy in the United States District Court; but we think that the learned judge at Special Term was right in holding that the stay had expired.

The motion for judgment upon the answer of the defendant Rosalie L. Hill as frivolous was properly granted. The plaintiff

sought, under the doctrine of *Schenck* v. *Barnes* (156 N. Y. 316), to reach the beneficial interest of that defendant in a voluntary trust which she had created for herself, and the complaint contained appropriate allegations setting out a cause of action. The answer contained no averments sufficient to constitute a defense. It is true that in the 4th subdivision thereof the defendant alleged that the rents of the premises which were the subject of the trust, after paying therefrom the interest on the mortgage, the taxes, repairs and insurance, were wholly insufficient for the proper support and maintenance of the defendant and that there was no surplus income derived from the said premises. This might be enough to raise an issue if accompanied by an averment that the trust had been created by some person other than the judgment debtor; but there is no such averment in the answer, and upon a motion for judgment upon a pleading as frivolous statements contained in affidavits cannot be considered. (*Dancel* v. *Goodyear Shoe Machinery Co.*, 67 App. Div. 498.)

We think that the plaintiff is entitled to an affirmance.

WOODWARD, JENKS, RICH and MILLER, JJ., concurred.

Judgment overruling answer as frivolous affirmed, with ten dollars costs and disbursements.