## STORANDT v. VOGEL & BINDER CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. TRIAL (§ 109*)—DISMISSAL ON OPENING STATEMENT—AS TO PART OF ACTION.
     Where a complaint seeks to recover for breach of a covenant in a lease, and for damages for interference with the lessee's enjoyment of the leased premises, by obstructing the approaches thereto, the opening of counsel at the trial should be considered with reference to all the allegations of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the complaint, and a dismissal of the complaint after the opening statement is improper, unless every material allegation in the complaint fails to show cause of action.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 109.*]

2. LANDLORD AND TENANT (§ 44*)—CONSTRUCTION—EXPRESS COVENANT—COVENANT RUNNING WITH THE LAND.

A lease was dated July 1, 1901, and contained an express covenant by the lessor to furnish power and heat for a new building. This building was not in being at that date, but was to be completed on the premises demised in place of an old building, and it was completed one month before the date at which the lease was fully executed. *Held*, that the covenant to furnish power and heat was a covenant running with the land and extended to the new building after its completion.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 108–110; Dec. Dig. § 44.*]

3. LANDLORD AND TENANT (§ 53*)—COVENANTS IN LEASE—LIABILITY OF GRANTEE OF REVERSION.

A lease contained an express covenant to supply power and heat for a building to be constructed upon the leased premises in place of an old building, and, after the completion of new building, the lessor transferred the lease and conveyed the reversion to a grantee not named in the lease as a party bound by its covenants, to whom the lessee attorned and paid rent. *Held* that, the covenant being a covenant running with the land, the grantee of the reversion was liable to the lessee for damages for breach of the covenant, under Real Property Law (Laws 1909, c. 52 [Consol. Laws, c. 50]) § 223, giving the lessee the same remedy against the grantee of his lessor for the breach of a covenant contained in the lease that the lessee might have had against his immediate lessor.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 53.*]

McLennan, P. J., dissenting.

Action by John W. Storandt against the Vogel & Binder Company. Motion by the plaintiff for a new trial on exceptions, directed to be heard in the first instance by the Appellate Division. Exception sustained, and motion for a new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frederick A. Mann, for plaintiff.
C. C. Werner, for defendant.

KRUSE, J. The action is to recover for a breach of certain covenants contained in the lease made by the defendant's immediate predecessor in title to the plaintiff. The plaintiff's complaint was dismissed upon the opening, upon the ground that it failed to state a cause of action against the defendant. The plaintiff now moves for a new trial upon the exceptions, which were ordered to be heard here in the first instance.

The lease is made by Leonard Vogel and L. Frank Binder to the plaintiff. It is dated April 1, 1901, and is for the term of five years from the 1st day of July, 1901, with the option to the lessee of an additional five years, of which he has availed himself. The lease covers the fourth floor of a certain building in the city of Rochester and an entire new building on a lot directly north thereof, with power and heat as particularly stated in the lease.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

After the plaintiff had entered upon the possession of the demised premises under said lease, and on or about the 5th day of November, 1901, Vogel and the heirs and personal representatives of Binder (Binder having died) transferred the lease and conveyed the reversion to the defendant; and the plaintiff thereafter attorned to the defendant by paying the rent directly to it. The plaintiff has paid the rent in full as it matured, but the power and heat has not been furnished as covenanted in the lease. Since the defendant became the owner of the premises in November, 1901, it has refused and neglected to furnish the same, so it is alleged in the complaint, and the action is brought to recover the damages resulting from the breach of the covenant.

The record states that the motion dismissing the complaint "is disposed of upon the lease as presented, and the complaint of the plaintiff, and upon the counsel's opening, by all of which it appears that the covenant complained of applied to a building yet to be constructed and power and heat not to be furnished from any particular place." It is not clear from the counsel's opening that the lease was not executed until after the building was erected. His final statement is that the lease was left unsigned and was not executed until after the building was erected; that it was not fully executed until November following the date of the lease and after the lessee had taken possession; and that the building had been erected a month before that time. And, besides, the covenant seems to apply to the old building as well as the new. Furthermore, the complaint sets up a claim for damages arising out of the interference with the plaintiff's enjoyment of the premises by obstructing the approaches to and from these premises. I do not see how in any view it was proper to dismiss the complaint. The opening statement may not be as clear as it should be; but it should be considered in connection with the allegations of the complaint. Hoffman House v. Foote, 172 N. Y. 348, 65 N. E. 169.

The serious question arises upon the covenant to furnish power and heat. I am of the opinion that the defendant is liable upon the covenant, and that the liability extends to the new as well as the old building. The new building is described in and covered by the lease, and is a part of the demise; and the covenant relates to the use and enjoyment of the demised premises. Such a covenant is within the provisions of the Revised Statutes, now incorporated in substance in Real Property Law (Laws 1909, c. 52 [Consol. Laws, c. 50]) § 223, which give the lessee the same remedy against the grantee or assignee of his lessors for the breach of an agreement contained in the lease that the lessee might have had against his immediate lessors. While that provision does not apply to every agreement contained in the lease, but such only as touch and concern the demised premises (Norman v. Wells, 17 Wend. 136), I think the covenant runs with the land and falls within the latter class (Myers v. Burns, 35 N. Y. 269; Matter of Coatsworth, 37 App. Div. 295, 55 N. Y. Supp. 753; reversed on other grounds, 160 N. Y. 114, 54 N. E. 665; Schoellkopf v. Coatsworth, 166 N. Y. 77, 59 N. E. 710).

Defendant's counsel urges that the covenant does not run with the land, because it relates to things not in existence when the lease was made, and the lease does not in terms bind the assignee or grantee of the reversion to keep the same. The demised premises were in existence, and the failure to furnish the power and heat affected the use and enjoyment thereof. The complaint alleges, among other things, in substance, that because of such failure he was unable to carry on his business and to use a part of the premises demised.

The rule is thus stated in Verplanck v. Wright, 23 Wend. 506, 510:

"When the covenant extends to a thing in esse, parcel of the demise, the thing to be done by force of the covenant is quoad modo annexed, and appurtenant to the thing demised, and shall go with the land and bind the assignee, although he be not named in express words; but, when the covenant extends to a thing not in being at the time of the demise made, it cannot be appurtenant or annexed to the thing which hath no being."

After citing cases, Nelson, C. J., who writes the opinion, continues:

"Accordingly, upon this distinction, a covenant for quiet enjoyment, for farther assurance, for renewal, to repair, pay rent, to discharge the lessor of charges, ordinary and extraordinary, to cultivate the lands in a particular manner, to reside upon the premises, to supply them with good water, not to carry on particular trades, etc., have all been held to bind the assignee, though he be not named."

In Myers v. Burns, supra, an action was brought for rent by the grantee of the reversion against the assignee of the term. A counterclaim, upon a covenant requiring the landlord to keep the premises in repair, was set up. It was held that the covenant was a covenant running with the land. The amount of the recovery upon the counterclaim was not limited to the amount of rent due, but the lessee had an affirmative judgment against the grantee of the reversion for the excess.

The grant to the defendant of the reversion carried with it the rent, and imposed upon the defendant the corresponding obligation to furnish, as covenanted, that for which the rent was paid.

The plaintiff's exceptions should be sustained, and the motion for a new trial granted, with costs to the plaintiff to abide the event. All concur (WILLIAMS, J., in the result only), except McLENNAN, P. J., who dissents upon the ground that the covenant does not run with the land, and that plaintiff's remedy is an action for breach of contract.