[Civ. No. 3600. First Appellate District.—December 18, 1920.]

## HANNAH WALTER, Respondent, v. MAX ARNOLD, Appellant.

[1] LANDLORD AND TENANT—LEASE OF PORTION OF BUILDING—TERMINATION UPON SALE OR LEASE OF ENTIRE BUILDING—CONSTRUCTION OF INSTRUMENT.—Where a lease of a part of a building contained a reservation of the right to lease or sell the entire building, and provided in the event of such a sale or lease the lessee should surrender possession, and the parties in executing the lease construed the words "building" and "entire building" to include the land, the tenancy was terminable by a disposal of both the land and the building, whether it was effected by a sale or lease of both land and building, or by a sale of one and lease of the other.

[2] ID.—NOTICE TO SURRENDER — SUFFICIENCY. — Where a lease of a part of a building provided for the surrender of the possession of the demised premises within sixty days after notice of sale or lease of the entire building, a notice demanding such surrender which stated the premises had been leased was not insufficient, although in fact the land was leased and the building sold.

[3] ID.—TERMINATION OF TENANCY—TENDER OF MONEY FOR BALANCE OF TERM—SUFFICIENCY.—Where under such a lease the lessor in writing made a tender to the lessee for the remaining months of the term to be paid upon vacation and surrender of the demised premises, such money was not required to be deposited in a bank as provided by section 1500 of the Civil Code, since such section does not purport to refer to the extinguishment of any obligation other than one for the payment of money, and has no application to the extinguishment of a tenant's interest in demised premises.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John T. Nourse, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. Ringole for Appellant.

Sloss, Ackerman & Bradley and Edgar Sinton for Respondent.

WOOD, P. J., *pro tem.*—This is an action in unlawful detainer to recover possession of the ground floor of a four-story building on Van Ness Avenue, in San Francisco. There was a directed verdict for possession of the premises, but the court submitted the question of damages to the jury. The defendant appeals from that portion of the judgment that awards such possession to plaintiff.

The lease under which appellant Arnold entered into possession contained the following reservation: "It is understood and agreed that the lessor reserves the right to lease or sell the entire building in which the leased premises are located, and in the event such a sale or lease of the entire building is made the lessee shall vacate and surrender the premises as soon as he conveniently can, but in any event within sixty (60) days after notice of such sale or lease."

During the occupation of the premises by appellant, and prior to April 29, 1919, the respondent agreed to lease the land with a new concrete building to be erected thereon in place of the old one, to the Peacock Motor Sales Company for a period of ten years from the completion of the building, which was to be constructed without delay and completed before January 1st, following.

On April 21st the old building was sold to a wrecking firm. There is a dispute as to the date that the appellant was given notice of this sale, but on April 29th he received a written notice that the premises had been *leased;* that such notice was given in compliance with the written lease between her and Arnold, and that he was required to vacate within sixty days after receipt of the notice. This action was commenced after July 2d.

It appears that the upper floors of the old building were reached only by a stairway leading from the ground floor and through the main entrance, and that this made it difficult to obtain a tenant or tenants for the other floors. The lease in this case was made for a period of but one year at a monthly rental, payable monthly, of the sum of $200 per month and one per cent of the gross sales in excess of $10,000 per month. No option of any kind was given to the lessee for a renewal, or to save his tenancy from forfeiture in case of a sale or lease, but if he was required to surrender possession on account of such sale or lease, respondent was to pay him the sum of $250 per month for the remaining months of his unexpired term.

Appellant has cited authorities to the effect that the word "building" mentioned in the reservation includes the land upon which it stands and respondent concedes that such construction was placed upon the words "building" or "entire building" by the parties in executing the lease.

Appellant contends that he could not be required to vacate and surrender possession, upon a lease of the land and sale of the building for wrecking purposes, and that his tenancy could not be terminated under the reservation unless respondent either *sold* both the land and the improvements, or *leased* both.

"A grant is to be interpreted in favor of the grantee, *except that a reservation* in any grant, and every grant by a public officer or body, as such to a private party, *is to be interpreted in favor of the grantor.*" (Civ. Code, sec. 1069.)

It may be conceded, as claimed by appellant, that his lease could not be terminated by a mere sale of the building for wrecking purposes. Likewise, it may be conceded that it could not be terminated by a sale of the land only with a reservation of the building. Inasmuch as the parties in executing the lease intended that the words "entire building" should mean the land and the building, appellant could not have been misled by the statement claimed to have been made by respondent at the time and prior to the execution of the lease that she desired to cancel the lease only in the contingency "that

if she was able to lease or rent the entire building" or "if she sold the property."

[1] In view of the construction that the parties themselves have placed upon the words "building" and "entire building," it must be held that appellant's tenancy could be terminated by a disposal of both the land and building whether it was effected by a sale or lease of both land and building, or by a sale of one and a lease of the other, for the essential thing that the reservation was intended was to secure an income from the entire land and improvements.

[2] It does not follow that because the written notice to surrender the premises stated that they had been leased, while the evidence showed that the land was leased and the building sold, that the owner was not entitled to possession. The lease contained no requirements as to the form or character of the notice. The lessee agreed to vacate and surrender within sixty days after notice of sale or lease. He, as a witness, testified that around or prior to April 15th, he had knowledge or belief that the building was to be wrecked.

In the note to *Pacific Warehouse Co.* v. *McKenzie Hunt Paper Co.*, Ann. Cas. 1916B, at page 312, it is said: "The rule seems to be that a notice is not construed strictly, it being sufficient if the intention of the party to exercise the option to terminate the lease is fairly communicated." The same language is quoted in 16 R. C. L., page 1113. In *In re Coatsworth*, 160 N. Y. 114, [54 N. E. 665], the lease contained a provision that there should be a renewal of the lease unless the lessors gave at least six months notice before the end of the term, of their election to take possession of the premises at the expiration of the lease and to pay for the buildings, vaults and sidewalks at the appraised value. The notice was, "We . . . hereby elect to take possession of the said demised premises, pursuant to the provisions of said lease etc." This was held to be a substantial compliance with the terms of the lease.

In the instant case the notice demanded a surrender of the premises within sixty days after receipt of the notice, and it stated that it was given in compliance with the

terms of that certain lease, etc. Of course respondent was required to prove at the trial, that in good faith she had disposed of the property according to the conditions that required the tenant to surrender possession. We conclude that appellant had sufficient notice that the owner had exercised her privilege under the reservation in the lease.

[3] The respondent in writing made a tender of $1,000 to appellant for the remaining four months of the term, to be paid if he would vacate and surrender the premises. No objection of any kind was made to the tender. It is now claimed that this tender was insufficient to extinguish the tenant's interest in the property, because the money was not deposited in a bank, and that such deposit is made necessary by the provisions of section 1500 of the Civil Code, which reads as follows: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor." This section does not purport to refer to the extinguishment of any obligation, other than one for the *payment of money.* When applied to the instant case it means that the obligation of respondent to pay to appellant the sum of $250 per month for the balance of appellant's term has not been "extinguished." It does not mean that the obligation of respondent to permit appellant to occupy the premises is not extinguished.

It is claimed that there is no evidence to comply with the terms of section 1495 of the Civil Code in showing that respondent was able and willing to perform her offer to pay $1,000. As to this, there is no denial "that she is and was ready . . . and willing to pay said sum of $1,000." All the evidence indicates that she was at all times able to pay it, and there is none from which a different inference can be drawn, and out of the mouth of the appellant on the witness-stand it appeared that she was wealthy. Moreover, the denial is evasive, as he "denied that she was able to pay it, pursuant to *his* contract so to do," and we cannot believe in view of the record before us that appellant intended to make oath in his

answer that respondent had or has not the ability to pay this sum.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1921.

All the Justices concurred.