John J. Dillon and Mary C. Dillon, Judgment Creditors, Appellants, *v.* Jean Pulaney Spilo, Judgment Debtor, and City Bank Farmers Trust Company, Trustee, Respondents.

First Department, April 9, 1937.

*Max Taylor* of counsel [*Julius L. Neidle* and *William F. Berghold*, with him on the brief; *Neidle & Taylor*, attorneys], for the appellants.

*Joseph Otis* of counsel [*Henry A. Uterhart*, attorney], for the judgment debtor, respondent.

*Edward M. Cameron, Jr.*, of counsel [*Mitchell, Taylor, Capron & Marsh*, attorneys], for the trustee, respondent.

O'MALLEY, J. The question presented is whether the interest of a settlor of a trust for her own life (with remainder over to her children) may be resorted to in its entirety to satisfy a judgment recovered on a claim accruing subsequent to the creation of the trust; or whether the judgment creditors may have satisfaction only as limited by the provisions of sections 684, 685 or 793 of the Civil Practice Act.

The complaint discloses that the plaintiffs obtained judgment against the settlor of the trust on August 15, 1935, in the sum of $1,038.06, on which execution has been returned unsatisfied.

The trust deed attached to the complaint was executed February 19, 1930. By its terms the trustee, a party to this appeal, is directed to apply the income to the use of the settlor, the defendant judgment debtor herein, during her life,. and upon her death to apply the remainder to any child or children.

While other issues are raised by the pleadings, it is stipulated that for the purposes of the motion for judgment on the pleadings it is agreed that the income derived from the trust is insufficient for the support and maintenance of the settlor, and that the only issue raised on the appeal to this court is whether a defense that the income is insufficient is a valid legal defense.

In our opinion this defense may not be sustained. In *Schenck* v. *Barnes* (156 N. Y. 316) it was stated: " It is the settled policy

of this State that, where property is held in trust for a debtor and the fund proceeds from a *third party*, the creditor can only reach the surplus income after providing for the proper support of the *cestui que trust,* but *if the debtor created the trust his entire reserved interest is a fund to which his creditors can resort.*" (Italics ours.)

The plaintiffs here are not seeking to interfere with the corpus of the trust nor the remainders over. They are seeking merely to reach that with which the settlor never parted but still retained — her right to the income for life.

Section 34 of the Personal Property Law also provides: " A transfer of personal property, made in trust for the use of the person making it, is void as against the existing or subsequent creditors of such person."

Section 793 (*supra*) is not controlling. It was an enlargement of rights provided under sections 684 and 685 of the Civil Practice Act.

Where, as here, the judgment debtor is the life beneficiary of a trust established by herself, her interest may be resorted to in full to the satisfaction of the claim. (*Graff* v. *Bonnett*, 31 N. Y. 9, 14, 15; *Schenck* v. *Barnes, supra; Newton* v. *Hunt*, 134 App. Div. 325, 330; affd., 201 N. Y. 599; *Kene* v. *Hill*, 102 App. Div. 370; 1 Bogert on Trusts and Trustees, § 224; Griswold on Spendthrift Trusts, § 475.)

So far as circumstances are here disclosed by the pleadings, however, we are of opinion that it would be inequitable to direct that the judgment debtor's interest be sold for the satisfaction of the judgment. The income for one year is approximately the amount of the judgment held by the plaintiffs. A garnishee order is also outstanding and operative.

The order should be reversed, with twenty dollars costs and disbursements, and the motion for judgment on the pleadings in favor of the plaintiffs granted, but the matter remitted to an official referee to take proof as to all the surrounding facts and circumstances and to report to Special Term with a recommendation as to the manner in which the income shall be applied to the satisfaction of plaintiffs' judgment and prior liens.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion for judgment on the pleadings granted, but the matter remitted to an official referee to take proof as to all the surrounding facts and circumstances and to report to Special Term with a recommendation as to the manner in which the income shall be applied to the satisfaction of plaintiffs' judgment and prior liens. Settle order on notice.