## SUPREME COURT.

FRANCIS E. WALES agt. WILLIAM J. SHERWOOD, impleaded, &c.

### *Assumption of a mortgage.*

When a party by deed assumes the payment of a mortgage, executed by his grantor, he becomes the principal debtor; the mortgagee may enforce the liability.

*Special Term, November,* 1876.

*G. W. Cotterill,* for plaintiff.

*A. S. Diossy,* for defendant.

VAN VORST, *J.* — Phillips, the mortgagor, conveyed the premises to the defendant Sherwood, in consideration of $36,000, of which Sherwood paid cash only $11,250, and assumed and agreed to pay the mortgage as the remaining portion of the consideration-money. The statement in the conveyance which creates this agreement, immediately after the *habendum* clause, is in these words : "Which said·mortgage, with the interest thereon from November 30, 1872, the party of the second part hereby assumes and agrees to pay, the same forming a part of the consideration-money hereby expressed." The defendant Sherwood accepted the deed and entered into possession of and enjoyed the premises. The language creating the obligation to pay this mortgage is clear and explicit. It is objected on the part of the defendant Sherwood that he is not liable for any deficiency which may arise on the sale of the mortgaged premises, upon the ground that no agreement in writing has been signed by him wherein or whereby he promised or agreed to pay the bond and mortgage in question, and that there is no privity between him

and the mortgagee. It is true that the defendant, the grantee, did not sign the deed, nor was it necessary that he should. The acceptance of the deed, and his entering into possession of the premises, was enough to make complete his liability for the payment of the mortgage, and for any deficiency arising on the sale. In *The Atlantic Dock Company* agt. *Leavitt* (54 *N. Y.*, 35) it is distinctly held that the acceptance of the deed and the enjoyment of the estate created estops the grantee from denying his covenants, and from denying that the seal attached is his as well as that of the grantor. See, also, *Trotter* agt. *Hughes* (2 *Kern.*, 74), where DENIO, J., says: "The acceptance of a conveyance containing a statement that the grantee is to pay off an incumbrance limits him as effectually as though the deed had been *inter partes*, and had been executed by both grantor and grantee" (*Belmont* agt. *Coman*, 22 *N. Y.*, 438). In a recent case in this court, in this department, at general term (*Cabro* agt. *Davis*, 15 *N. Y.*, 222), it is held, BRADY, J., that when a party by deed assumes the payment of a mortgage executed by his grantor, he becomes the principal debtor. The defendant's obligation, created by his agreement, inures to the benefit of the mortgagee, who may enforce the liability. In *Trotter* agt. *Hughes* (*supra*) it is said, in substance, that the mortgagee may resort to and enforce this liability assumed by the grantee in the deed " by virtue of the doctrine of subrogation in equity, by which the creditor is entitled to use the collateral securities which the debtor has obtained to re-enforce the primary obligation. The mortgagee in such case is looked upon as occupying the position of a surety, while the grantee, having undertaken upon a competent consideration to pay the debt, is regarded as the principal debtor" (*See, also, Burr* agt. *Beers*, 24 *N. Y.*, 178; *Thorp* agt. *Keokuk Coal Co.*, 48 *N. Y.*, 253). Under these repeated and explicit decisions, the liability of the defendant for the deficiency, if any, would seem to be clearly established. There must be judgment for the plaintiff.