Leila O. Henriques and Mary A. Mason, Appellants, *v.* Minnie Garson, Respondent, Impleaded with John W. Sterling and The Central Trust Company, as Executors and Trustees, etc., of Miriam A. Osborn, Deceased, and Others. (No. 4.)

*A reply in a partition suit which raises an issue as to who were the heirs of the person who died seized of the premises, is not frivolous.*

Where a reply to an answer, interposed in an action of partition brought by alleged heirs at law of a person who died seized of the premises, raises a question, which cannot be decided upon a mere inspection of the pleadings, as to who were the heirs at law of such decedent, judgment should not be granted thereon, as frivolous.

Appeal by the plaintiffs, Leila O. Henriques and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of December, 1897, granting the motion of the defendant Minnie Garson for judgment upon the reply of the plaintiffs as frivolous.

*Delos McCurdy*, for the appellants.

*T. G. Shearman*, for the respondent.

Patterson, J.:

This is an appeal from an order granting a motion for judgment on the reply of the plaintiffs to the answer of the defendant Minnie Garson in this action. The motion was made and granted on the ground that the reply was frivolous. The plaintiffs claimed to be heirs at law of Miriam A. Osborn, the mother of Howell Osborn. Minnie Garson set up in her answer that they were not the heirs at law of Mrs. Osborn, but that her son, Howell Osborn, was. She annexed to her answer a copy of his will, through which she claimed title to the property sought to be partitioned, or some interest in it. She also alleged that it had been adjudicated in an action brought by the executor of Howell Osborn's will, to which action these plaintiffs were parties, that such will was a valid will of both real and personal property. The plaintiffs were compelled by the court to reply to that answer, and therein they denied the allegation of the answer, that they were not the heirs at law of Miriam A. Osborn;

they also denied that the will mentioned in the defendant Garson's answer was the last will and testament of Howell Osborn, or that the same was a valid will, or that it was validly executed; and they alleged, on the contrary, that it was not validly executed, but was procured by undue influence. They also admitted the death of Howell Osborn and the bringing of the action by the executor to establish his will, and that the plaintiffs were made parties to that action and appeared therein. The foregoing are the important allegations of the reply, omitting some that were stricken out upon motion.

While it is true that this reply, or so much of it as is preserved, does not attack the validity of the judgment, it is altogether clear that it cannot be declared to be simply a frivolous pleading. It has been so frequently decided that such a pleading is one, a simple inspection of which suffices to show that it presents nothing for consideration or discussion, that it is useless to refer to authorities upon that subject. It is a question on these pleadings (and we are now speaking only of the pleadings) as to who were the heirs at law of Miriam A. Osborn; and that is a question which could not be decided properly on a motion for judgment on the ground of the frivolousness of this reply. It is one which involves argument, and it remains as a question in the case on the pleadings between the parties to this action. The question here is not as to any practical benefit the plaintiffs may acquire by continuing the litigation; it is as to the correctness of the practice in granting judgment where such an issue is open and undetermined between the parties, and for that reason we think the order made on this motion is wrong, and that it must be reversed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with costs.