(27 App. Div. 18.)

HENRIQUES et al. v. TROWBRIDGE.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. JUDGMENT ON PLEADINGS—FRIVOLOUS REPLY.
    Section 537, Code Civ. Proc., authorizing an application by a defendant for judgment upon a reply on the ground that it is frivolous, is intended to meet cases in which the reply is required to be served because the answer sets up a counterclaim.

2. SAME.
    Judgment is to be ordered on account of the frivolousness of the pleading only where the insufficiency of it is so clear that it appears upon the statement without any further argument.

3. SAME.
     Whenever it is necessary, before awarding judgment, to examine all the pleadings, it is not proper to grant a motion for judgment on account of the frivolousness of the last pleading.

Appeal from special term.

Action by Leila O. Henriques and another against Henriette Olive Trowbridge. From an order for judgment dismissing the complaint on account of the frivolousness of the reply, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Delos McCurdy, for appellants.

Thomas G. Shearman, for respondent.

RUMSEY, J. In this action the plaintiffs seek to obtain a partition of certain real estate of which Miriam A. Osborn, died seised. The complaint alleges that the plaintiffs are the only surviving sisters of Miriam Osborn, and that the defendant, Henriette Olive Trowbridge, is the daughter of a deceased brother, and that they three are the only heirs at law and next of kin of the said Miriam Osborn, and that each one of them is entitled to one-third of the real estate of which Miriam Osborn died seised. The complaint contains many other allegations having for their object to establish the proposition that, although Miriam Osborn died leaving one son, yet that he did not become entitled to any of the real estate of which she died the owner, but that, because of various facts which are set out in the complaint, her collateral relatives were her real heirs at law. The answer set up three separate defenses. In the third answer there was contained an express allegation that Miriam A. Osborn left, her surviving, a son, Howell Osborn, who was her only child and heir at law. That answer then further set up facts tending to show that the defendant, Henriette Olive Trowbridge, was by the will of Howell Osborn entitled to succeed to all his interest in the real estate of which his mother died seised. The court required the plaintiffs to reply to this answer, and accordingly such a pleading was interposed. After that had been done the defendants moved for judgment on account of the frivolousness of the reply, and the learned judge at special term upon that motion granted judgment dismissing the complaint upon the merits. This is not the first time that such a motion has been made and granted, and the order granting it reversed, in this litigation. In the case of Henriques v. Garson, 49 N. Y. Supp. 1076, where substantially the same facts were alleged, it was held that the reply was not frivolous, and an order for judgment on account of the frivolousness of the reply was reversed. That reversal went upon the ground that it was a question upon pleadings as to who were the heirs at law of Miriam A. Osborn, and that was a question which could not properly be decided on a motion for judgment on the ground of the frivolousness of the reply. The same question is presented in this case, although it is not presented by any issue raised by the reply. The plaintiffs allege in their complaint all the facts upon which they rely to establish that they

and the defendant, Henriette Trowbridge, are the heirs at law of Miriam Osborn, and it also appears by the complaint that Howell Osborn was her only child and survived his mother. The answer, which was replied to, adds nothing in that direction to the allegations of the complaint; but, if the plaintiffs have succeeded by their complaint in raising any legal question as to who was the heir at law of Miriam Osborn, that question is still in the case, as it was in the Garson Case, and the decision in that case is authority here.

But we do not think that this is a case where a defendant could be entitled to judgment for the frivolousness of a reply. The authority to give judgment for that reason is granted by section 537 of the Code of Civil Procedure, and has no other foundation. The section provides: "If a demurrer, answer or reply is frivolous the party prejudiced thereby, upon a previous notice to the adverse party of not less than five days, may apply to the court or to a judge of the court for judgment thereupon, and judgment may be given accordingly." The complaint to which an answer can be interposed always demands some affirmative relief, and a reply ordinarily can only be interposed to an answer setting up counterclaim, in which the defendant insists that he, too, is entitled to affirmative relief. This section is intended to meet cases of that kind, where the party whose pleading is answered or demurred to, or replied to, has sought in that pleading affirmative relief against his opponent, and the demurrer, answer, or reply is interposed to prevent such relief being given to him. In such a case, if no answer or reply were served, the plaintiff or the defendant, as the case might be, would be entitled to an affirmative judgment for the relief which he seeks. A frivolous answer or reply is the same as no answer, and therefore the Code has provided this summary way by which a person who makes a claim against his adversary is entitled to have that claim adjudged to him in spite of a plainly frivolous attempt to keep him out of it. The cases mentioned in the Code apply primarily only to those where, if the pleading is frivolous, affirmative relief can be awarded to the person upon whom the pleading is served, because it is asked in his pleading to which the frivolous one has been interposed, and he would have been entitled to it but for the frivolous pleading. For that reason, if section 537 shall be held to apply only to cases in which the reply is required to be served because the answer sets up a counterclaim, its provisions are consistent in permitting the award of judgment to the person against whom the frivolous reply has been served; because, when the reply is out of the way, the facts set up in the answer as a counterclaim are admitted, and therefore nothing stands between the claim of the defendant and his right to have it adjudged to him. But, in a case like this, a different condition arises. The defendant asks for no affirmative judgment. If no reply had been interposed, the facts set up in the answer would be deemed to be controverted, and the defendant would have been put to his proof. The reply, therefore, was not interposed to prevent a judgment to the defendant of affirmative relief which he demanded, but simply that the court might ascertain how far the allegations in the answer were admitted by

the plaintiffs, and to what extent it would be necessary for the defendant to prove them upon the trial. It was simply for the purpose of simplifying the issue. Even had the plaintiffs declined to interpose after an order for that purpose, the question would still remain whether, upon the facts alleged in the complaint and those admitted or qualified by the answer, the plaintiffs were entitled to any relief. If a reply was directed to be served, and it was not served, it might well be that the court would say that all facts alleged in the answer were admitted; and then the question would be presented whether, taking all those facts together, the plaintiffs were entitled to relief. That would require a conclusion that the complaint was completely overcome by the allegations of the answer. But, in the nature of things, such a condition could hardly ever arise. It would require a consideration of all the pleadings in the case, and would be likely to involve serious questions of law, and for that reason it would not be proper, in our judgment, in a case of this kind, after holding that the reply was not sufficient, to proceed further and hear arguments upon all questions of law in the case, and finally give the judgment for the defendant, who had asked no affirmative judgment in his answer. Judgment is to be ordered on account of the frivolousness of the pleading only where the insufficiency of it is so clear that it appears upon the statement without any further argument. Whenever it is necessary before awarding judgment to examine all the pleadings, it is not proper to grant a motion for judgment on account of the frivolousness of the last pleading. For that reason, as well as for the reason expressed in the first part of this opinion, the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.