## WAIT v. GETMAN et al.

(Supreme Court, Appellate Division, Third Department.    July 6, 1898.)

**1. PLEADING—FRIVOLOUS ANSWER.**
Code Civ. Proc. § 537, provides that, if an answer interposed is frivolous,
the party prejudiced may apply for judgment on notice.   *Held,* that, while
an answer might be bad on demurrer, it would not be regarded as frivolous.
unless a bare statement, without argument, showed it to be so.

**2. MORTGAGE—FORECLOSURE—PARTIES**
Where a grantee of mortgaged land assumes the payment of the mort-
gage and also gives a second mortgage to the grantor as security only for
the performance of his covenant, he becomes the principal debtor, with the
grantor as surety, and the first mortgagee is a necessary party to a suit
to foreclose the second mortgage.

Appeal from special term, Otsego county.

Action by George Wait against Dorr Getman and others for the
foreclosure of a mortgage.   From a judgment in favor of plaintiff,
defendants appeal.   Reversed.

On the 6th day of February, 1896, the plaintiff, being the owner of a farm
theretofore conveyed to him by one Ira Wright and wife, sold a portion thereof
to the defendant Dorr Getman, for the consideration of $2,500, the deed con-
taining the following covenant in regard to the payment of such consideration:
"Four hundred dollars of the above-mentioned purchase price is to be paid
down by the second party to first party upon delivery of this deed.  The balance
of said purchase price is made up as follows, viz.: This deed is given subject to
a certain mortgage of $2,500 now held and owned by James J. Byard, which
mortgage covers the whole of the premises conveyed to first party by Ira
Wright and wife as aforesaid.   It is hereby understood and agreed that second
party hereto is to and does hereby expressly assume the payment of said mort-
gage to the amount of $2,100 in full, as a part of the consideration of this

deed, and to no greater amt., and that the same is to be made a charge and lien primarily upon the lands hereby conveyed to second party to said amount of $2,100.00, and that in case a foreclosure of said mortgage should at any time be had, that the lands hereby conveyed shall be first sold to satisfy said mortgage." On the same day the said grantee executed to the plaintiff a mortgage on the premises thus conveyed to him (a copy of which is contained in the points of the learned counsel for the respondent), containing the following condition: "This grant is intended as a security for the payment of the sum of $2,100.00 according to the conditions of a deed this day given from said Wait to said Getman. This mortgage is intended as a security only for the performance of the agreements made by said Getman in said deed, to pay off and assume the payment, to the extent of $2,100, of a mortgage on said premises held by James J. Byard. Upon compliance with said agreement by said Getman, and the payment of said $2,100 upon said mortgage, then this mortgage is to become null and void and of no effect. This mortgage is to be without interest until default in paying interest by said Getman upon the Byard mortgage. This is a purchase-money mortgage, and this conveyance shall be void if such payment be made as herein specified. And in case default shall be made in the payment of the principal sum hereby intended to be secured, or in the payment of the interest thereof, or any part of such principal or interest, as above provided, it shall be lawful for the party of the second part, executors, administrators, or assigns, at any time thereafter, to sell the premises hereby granted, or any part thereof, in the manner prescribed by law, and out of all the moneys arising from such sale to retain the amount then due for principal and interest, together with the costs and charges of making such sale, and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the said Dorr Getman, heirs or assigns." This action was brought to foreclose said mortgage. The defendants Dorr Getman and Della Getman, his wife, answered, admitting the due execution of said mortgage; that no payments had been made by the said Dorr Getman upon the Byard mortgage; that said Byard mortgage was due prior to the commencement of this action. But the defendants averred that the mortgage in suit was given as a mere indemnity to the plaintiff against loss on account of the said Byard mortgage; that, as the land had not been sold under that mortgage,—as there had been no attempt to collect it, and no demand for the payment thereof made by the plaintiff,—no right of action had accrued in favor of the plaintiff on the mortgage set out in the complaint. See Slauson v. Watkins, 86 N. Y. 597–601. For a further and separate answer, the defendants averred that the said James J. Byard was a proper and necessary party to the action, and that a complete determination of the action brought upon the mortgage mentioned in the complaint could not be had without the joinder of said Byard as a party defendant. The plaintiff, claiming that the answer was frivolous, applied at a special term of this court for judgment thereon under the provisions of section 537 of the Code of Civil Procedure. An order was made granting his motion, and thereafter, in pursuance of said order, judgment was entered in the action in favor of the plaintiff for the relief demanded in the complaint. The defendants appealed from said judgment, stating in their notice of appeal that they intended to bring up for review upon said appeal the order overruling the answer as frivolous.

Argued before PARKER, P. J., and LANDON. HERRICK, MERWIN, and PUTNAM, JJ.

Louis E. Walrath (Albert C. Tennant, of counsel), for appellants.
Arnold & Cooke (L. J. Arnold, of counsel), for respondent.

PUTNAM, J. We are unable to regard the answer served by the defendants in this action as frivolous. The fact that an answer is insufficient, so that a demurrer thereto will be sustained, does not necessarily determine that it is frivolous. "That only may be regarded as frivolous which is made to appear so incontrovertibly by a bare state-

.ment of it without argument. If an argument is required to show that
.the pleading is bad, it is not frivolous." Youngs v. Kent, 46 N. Y. 672–
.674; Bank v. Kroder, 13 Misc. Rep. 192, 34 N. Y. Supp. 133; Cook v.
Warren, 88 N. Y. 37. In this case the answer, even if deemed insuffi-
.cient, is not so clearly bad as to show that it was interposed in bad
faith. It certainly requires an argument to establish its insufficiency.
Even if we should conclude that had the plaintiff interposed a demur-
rer to the answer it would have been sustained, we think the suffi-
ciency of the pleading is not so clearly apparent that a judgment,
under the provisions of section 537 of the Code of Civil Procedure,
.could properly be directed in favor of the plaintiff.

But we are of opinion that the defense set out in the answer, that
.James J. Byard was a proper and necessary party defendant, was a
valid one. The defendant Dorr Getman, by his assumption of the
payment of the mortgage held by James J. Byard in the deed executed
.to him by the plaintiff, became as to said mortgage, as between him
.and the plaintiff, the principal debtor, and the liability of the latter
thereon was that of a surety. Fleischhauer v. Guggenheimer, 15
Wkly. Dig. 164; Marshall v. Davies, 78 N. Y. 414–421; Wales v. Sher-
wood, 52 How. Prac. 413.

On the execution and delivery of the deed from the plaintiff to Dorr
.Getman, the latter being liable to the mortgagee, Byard, as the prin.
cipal debtor, the latter, on the foreclosure of his mortgage, in case of
.a deficiency, could enforce payment thereof from the said defendant
in the same manner as if he had executed a bond for the portion of
.the said mortgage debt by him assumed. The plaintiff, however,
remained liable on said mortgage as a surety. It was to protect his
interest as a surety that the mortgage set out in the complaint was
.executed. By its express terms it was given "as a security for the
payment of the sum of $2,100 according to the condition of a deed
.this day given by said Wait to said Getman. The mortgage is in-
tended as a security only for the performance of the agreement made
by said Getman in said deed to pay off and assume the payment, to the
.extent of $2,100, of a mortgage on said premises held by James J.
Byard." It was thus given, not to secure the payment to the plaintiff
.of the sum of $2,100, but to secure the performance of the defendant's
.covenant in the deed to pay Byard that sum. This action, therefore,
.must be deemed one to enforce the covenant of the defendant to pay
Byard $2,100. It is evident, in such an action, that Byard should be
made a party. The defendant Dorr Getman is clearly entitled to have
.the amount collected of the plaintiff on the mortgage in suit applied on
the Byard mortgage, the payment of which it was given to secure.
.Such application cannot be enforced, however, unless Byard is a party
.to the action.

Byard should also be made a party, so that the mortgaged prem-
ises can be sold free from the lien of his mortgage. If the premises
.shall be sold under the judgment as entered in this action, such a sale
would leave the Byard mortgage outstanding. Under such circum-
.stances, a fair price for the property could not be realized on a sale.
The defendants would probably be devested of their land for an incon-
.siderable sum.

By the judgment as entered in the action, the sheriff is directed to sell the mortgaged premises, and after paying the expenses of sale, taxes, and assessments, and the costs of the action, to pay to the plaintiff the amount found due by the referee's report ($2,214.66), and interest, and the surplus, if any, to the county treasurer of Otsego county, subject to the future order of this court. No provision is contained in the judgment that the money realized on a sale of the property under the mortgage in suit, or any part thereof, shall be applied on the Byard mortgage. There is no provision in the judgment relating to such mortgage. We see no reason why, under the provisions of the judgment, the plaintiff might not retain for his own use the amount received by him from the sheriff on the sale of the mortgaged premises, leaving the Byard mortgage outstanding, in full force, and, in case of its foreclosure, leaving defendants liable for a deficiency on a sale of the mortgaged premises thereunder.

The mortgage on which the plaintiff seeks to maintain this action, being given to secure the payment by defendants of the mortgage held by James J. Byard, and this action being brought to enforce such payment, we think that Byard is a necessary party to the action, and hence that the answer of the defendants in that regard was not insufficient.

Without considering other points discussed by counsel, we reach the conclusion that the judgment and order should be reversed, with costs to the appellants, and the motion for judgment denied, with costs.

Judgment and order reversed, with costs to appellants, and motion for judgment denied, with $10 costs and disbursements. All concur.