George Barrie and Robert Barrie, doing Business under the Name of "Barrie & Son," Respondents, *v.* John C. Yorston, doing Business under the Name of "John C. Yorston & Company," Appellant.

*Answer in an action on a foreign judgment — when it cannot be overruled as frivolous.*

In an action brought on a foreign judgment in which the complaint, in paragraph 4, contains allegations in reference to obtaining the judgment, and in paragraph 5 alleges that no part thereof has been paid, an answer in which the defendant "alleges, upon information and belief: I. That he denies all of the allegations in paragraphs IV and V of the complaint. Wherefore defendant demands that the complaint be dismissed, with costs," puts in issue the allegation as to the recovery of the judgment and that no part thereof has been paid, and cannot be overruled as frivolous under section 537 of the Code of Civil Procedure.

Appeal by the defendant, John C. Yorston, doing business under the name of "John C. Yorston & Company," from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of September, 1898, overruling the defendant's answer as frivolous.

*Herbert H. Walker,* for the appellant.

*H. F. Ines,* for the respondent.

Per Curiam:

This action is brought on a foreign judgment. In the 4th paragraph of the complaint is the allegation in reference to obtaining the judgment, and in the 5th paragraph the allegation that no part thereof has been paid. The answer, which is short, may be given in full. "The defendant answers the complaint by Campbell and Hance, his attorneys, and alleges upon information and belief: I. That he denies all of the allegations in paragraphs IV and V of the complaint. Wherefore, defendant demands that the complaint be dismissed, with costs."

It will be seen that there is thus put in issue the allegation of the recovery of the judgment and that no part thereof has been paid.

That a denial, in the form prescribed by the Code, of a material allegation of the complaint, cannot be stricken out as sham and frivolous, has been too frequently decided to need the citation of many authorities in support of the proposition. In *Albany County Bank* v. *Rider* (74 Hun, 349) it is said "an answer setting up a general denial should not be stricken out as sham, because such a denial is a good pleading on its face, raising an issue which should be tried in the ordinary way, and not upon affidavits. * * * It is only in unusual cases where it appears that the answer is a mere pretense, set up in bad faith for the purpose of vexation or delay, that it can be stricken out." In the case of *Robert Gere Bank* v. *Inman* (51 Hun, 97), an action upon a promissory note, it was said more at length: "The answer contains simply a denial of any knowledge or information sufficient to form a belief as to the truth of the allegations of indorsement and ownership set forth in the complaint. * * * It is averred in the complaint that before the note became due, the payee, for value, indorsed, transferred and delivered it to the plaintiff, which became and remains the owner thereof. The plaintiff could not recover upon this note without proving this allegation. * * * The denial of this allegation raises a material issue, and the denial cannot be stricken out as sham, * * * a general or specific denial which raises a material issue cannot be stricken out as sham if pleaded in a form permitted by the Code. A material issue being raised by the answer, it is not frivolous in law, and the Special Term correctly held that the plaintiff was not entitled to a judgment under section 537."

The order, therefore, should be reversed, with costs and disbursements, and the motion denied, with ten dollars costs.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.