## MANNE v. CARLSON et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. FRIVOLOUS DEMURRER—MORTGAGE FORECLOSURE.

    Where a complaint to foreclose a mortgage alleged an assignment of the mortgage, but not of the bond it was given to secure, a demurrer to the complaint as not containing facts sufficient to constitute a cause of action was not frivolous, since the right of the plaintiff to foreclose depended on his title to the bond.

2. SUBSEQUENT LIEN—DEMURRER.

    Where a subsequent lienholder is made a party to an action to foreclose a mortgage, he is entitled to demur to the complaint, and object to the foreclosure of the mortgage by one who has no title to it.

Appeal from special term, New York county.

Action by Jeannette K. Manne against Charles O. Carlson and others. From a judgment in favor of plaintiff, and from an order overruling her demurrer to the complaint, defendant Charles O. Carlson appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Mortimer M. Menken, for appellant.

Henry Manne, for respondent.

INGRAHAM, J. The action was brought to foreclose a mortgage to secure the payment of a bond executed and delivered by one

Niels Toelberg to Elias Kempner.  The complaint alleged that before the commencement of this action, and on or about October 5, 1899, the said mortgage was duly assigned by the said Elias Kempner to the plaintiff herein by an instrument in writing duly recorded in the office of the clerk of the city and county of New York. There is no allegation that the bond to secure which the mortgage was given was assigned or transferred to the plaintiff.  This appellant, one of the defendants, who is alleged in the complaint to have some interest in or lien upon the mortgaged premises, which accrued subsequent to the lien of the mortgage, demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action; and this demurrer was, by order of the special term, overruled as frivolous, and judgment was granted thereon.

It is now settled that a pleading may be regarded as frivolous only when it is made to appear by a bare statement of it without argument.  If argument is required to show that the pleading is bad, it is not frivolous.  Youngs v. Kent, 46 N. Y. 672; Wait v. Getman, 32 App. Div. 171, 52 N. Y. Supp. 965.  The objection taken to this complaint by the defendant is that the complaint does not allege that the bond to secure which the mortgage was given was transferred to the plaintiff.  The right of the plaintiff to maintain this action depended upon his having a good title to the bond or indebtedness the payment of which is secured by mortgage.  The general term of the supreme court in this department held in the case of Bloomingdale v. Bowman, 51 Hun, 639, 4 N. Y. Supp. 60, that the transfer of a mortgage without the transfer of the debt is a nullity, that a mortgage is a mere incident to the bond, and that it is impossible to convey any title thereto independent of the bond; and this conclusion is sustained by the court of appeals in Merritt v. Bartholick, 36 N. Y. 44, where the court say, "A transfer of a mortgage without the debt is a nullity, and no interest is acquired by it."  It thus appears that the right of the plaintiff to foreclose depended upon his acquiring a title to the bond to secure which the mortgage was given; and certainly an objection to the complaint which is sustained by decisions of the court of appeals and the general term of the supreme court that it does not allege that the bond or obligation to secure which the mortgage was given was assigned to the plaintiff is not frivolous.  The plaintiff also insists that this appellant cannot insist upon this objection, as he is made a party as having a subsequent lien on the property mortgaged; but he is a party defendant, and has an interest in the property which is subject to the mortgage.  The protection of his interest justifies him in objecting to the foreclosure of the mortgage by one who has no title to it.

It follows that the order overruling the demurrer as frivolous, and the judgment entered thereon, must be reversed, with costs.  All concur.