JEANNETTE K. MANNE, Respondent, *v.* CHARLES O. CARLSON, Appellant, Impleaded with NIELS TOELBERG and Others.

*Pleading — when frivolous — effect of an assignment of a mortgage without the bond to which it is collateral.*

A pleading will not be regarded as frivolous unless its insufficiency is apparent upon a bare statement of it without argument.

Where the complaint, in an action brought to foreclose a mortgage, alleges that such mortgage was assigned to the plaintiff, but does not allege that the bond to which the mortgage was collateral was also assigned to him, a demurrer interposed to the complaint by a subsequent lienor on the ground that it did not state facts sufficient to constitute a cause of action is not frivolous.

APPEAL by the defendant, Charles O. Carlson, from an interlocutory judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of New York on the 1st day of December, 1899, upon the decision of the court rendered. after a trial at the New York Special Term, and also from an order entered in said clerk's office on the 16th day of November, 1899,. overruling his demurrer to the plaintiff's complaint and directing: the entry of judgment thereon.

*Mortimer M. Menken,* for the appellant.

*Henry Manne,* for the respondent.

INGRAHAM, J.:

The action was brought to foreclose a mortgage to secure the payment of a bond executed and delivered by one Niels Toelberg to Elias Kempner. The complaint alleged that before the commencement of this action, and on or about October 5, 1899, the said mortgage was duly assigned by the said Elias Kempner to the plaintiff herein by an instrument in writing, duly recorded in the office of the clerk of the city and county of New York. There is no allegation that the bond, to secure which the mortgage was given, was assigned or transferred to the plaintiff. This appellant, one of the defendants, who is alleged in the complaint to have some interest in or lien upon the mortgaged premises, which accrued subsequent to the lien of the mortgage, demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action; and this demurrer was, by order of the Special Term, overruled as frivolous and judgment was granted thereon.

It is now settled that a pleading may only be regarded as frivolous when it so appears upon a bare statement of the facts alleged without argument. If argument is required to show that the pleading is bad it is not frivolous. ( *Youngs* v. *Kent,* 46 N. Y. 672; *Wait* v. *Getman,* 32 App. Div. 171.) The objection taken to this complaint is that the complaint does not allege that the bond to secure which the mortgage was given was transferred to the plaintiff. The right of the plaintiff to maintain this action depended upon his having a good title to the bond, or indebtedness, the payment of which is secured by mortgage. The General Term of the Supreme Court in this department held, in the case of *Bloomingdale* v. *Bowman* (51 Hun, 639, reported more fully in 21 N. Y.

St. Repr. 247), that the transfer of a mortgage without the transfer of the debt is a nullity; that a mortgage is a mere incident to the bond, and that it is impossible to convey any title thereto independent of the bond; and this conclusion is sustained by the Court of Appeals in *Merritt* v. *Bartholick* (36 N. Y. 44), where the court says: "A transfer of the mortgage without the debt is a nullity and no interest is acquired by it." It thus appears that the right of the plaintiff to foreclose depended upon his acquiring a title to the bond to secure which the mortgage was given; and certainly an objection to the complaint, which is sustained by decisions of the Court of Appeals and the General Term of the Supreme Court, that it does not allege that the bond or obligation to secure which the mortgage was given was assigned to the plaintiff is not frivolous. The plaintiff also insists that this appellant cannot insist upon this objection since he is made a party as having a subsequent lien on the property mortgaged; but he is a party defendant and has an interest in the property which is subject to the mortgage. The protection of his interest justifies him in objecting to the foreclosure of the mortgage by one who has no title to it.

It follows that the order overruling the demurrer as frivolous and the judgment entered thereon must be reversed, with costs.

Van Brunt, P. J., Barrett, Rumsey and McLaughlin, JJ., concurred.

Judgment reversed, with costs.