## HALLIDAY v. BARBER.

(City Court of New York, General Term. January, 1902.)

1. JUDGMENT ON PLEADINGS—FRIVOLOUS ANSWER.

　　Where an answer sets up affirmative matter, which, if true, would tend to establish a set-off, it should not be dismissed as frivolous, however improbable its allegations may appear.

2. SAME—TEST OF SUFFICIENCY.

　　The test as to whether a pleading is frivolous is not whether a demurrer would lie, but whether it shows upon its face that it is without merit.

3. SAME.

　　Where counsel must be heard, and statutes and decisions examined, in order to determine whether a pleading is sufficient, it cannot be said to show upon its face that it is without merit.

Appeal from special term.

Action by John T. Halliday against Clarence L. Barber. From a judgment for plaintiff on the pleadings, defendant appeals. Reversed.

Argued before HASCALL and O'DWYER, JJ.

Clarence L. Barber, in pro. per.

Rider & Smith, for respondent.

HASCALL, J. The only question, it seems to us, presented for determination, is whether the amended answer is frivolous, within the meaning of the Code, and the decisions enlarging upon the same. Whatever agreement may or may not have been made by the parties subsequent to the execution of the written lease, it became the right of defendant to have his sworn allegations passed upon by a jury as questions of fact, however improbable these allegations may appear. The various matters set up, if true, would tend to establish a set-off against plaintiff's claim. It is not whether a demurrer would lie, but whether the pleading served is, upon its face, without any merit as a pleading. Henriques v. Trowbridge, 27 App. Div. 22, 50 N. Y. Supp. 108; Wait v. Getman, 32 App. Div. 171, 52 N. Y. Supp. 965; Merritt v. Gouley, 58 Hun, 375, 12 N. Y. Supp. 132. The fact that counsel must be heard, and statutes and decisions must be examined, in order to enable a determination upon the plea of sufficiency to be formed, is an answer to the objection. The order overruling the amended answer as frivolous should be reversed, and the judgment entered thereon vacated, with $10 costs and disbursements of appeal, and the motion denied with $10 costs.

Order reversed and judgment vacated, with $10 costs and disbursements, and motion denied, with $10 costs.

O'DWYER, J., concurs.