CHRISTIAN DANCEL and MARY DANCEL, Administrators, etc., of CHRISTIAN DANCEL, Deceased, Respondents, v. GOODYEAR SHOE MACHINERY COMPANY OF PORTLAND, MAINE, Appellant.

*Frivolous answer, determined simply by inspection — a defense that the parties to a contract, conceded to have been made in New York, contemplated that it should be performed in Massachusetts and that it was fully performed in and under the laws of that State is not frivolous.*

Whether a pleading is or is not frivolous must be determined by an inspection thereof, and the practice of interposing affidavits for or against the pleading cannot be sanctioned.

Where the personal representatives of one Christian Dancel bring an action upon a contract made between Dancel and the defendant's assignor by which the latter, "in consideration of said assignments and of the agreements of said Dancel herein contained, doth agree to pay to said Dancel, in each year while the United States Letters Patent No. 459036 remains in force as a valid patent, the sum of Five thousand dollars as an annuity, such annuity to be payable monthly in installments of Four hundred and sixteen and two-thirds ($416⅔) dollars each," an answer alleging that the parties contemplated that the contract, which was admittedly executed in the State of New York, should be performed within the State of Massachusetts and that it was in fact fully and duly performed there, and that under the law of Massachusetts all obligations of the defendant under the contract ceased and determined upon the death of Dancel, will not, on a motion for judgment thereon, be held to be frivolous.

APPEAL by the defendant, the Goodyear Shoe Machinery Company of Portland, Maine, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of June, 1901, upon an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of June, 1901, directing that the plaintiffs have judgment against the defendant upon the amended answer to the amended complaint upon the ground that said amended answer is frivolous.

*Edwards H. Childs*, for the appellant.

*Roger Foster*, for the respondents.

O'BRIEN, J.:

The action was brought to recover a monthly payment alleged to be due to the plaintiffs as administrators of Christian Dancel, deceased, under a contract which he had made with the defendant's assignor, the Goodyear Shoe Machinery Company of Connecticut, wherein it was provided that such company, "in consideration of said assignments and of the agreements of said Dancel herein contained, doth agree to pay to said Dancel, in each year while the United States Letters Patent No. 459036 remains in force as a valid patent, the sum of Five thousand dollars as an annuity, such annuity to be payable monthly in installments of Four hundred and sixteen and two-third ($416⅔) dollars each." The contract itself, which is annexed to the complaint, is silent as to where it was made and

where it was to be performed; but the complaint alleges and the answer admits the execution of the contract in the State of New York, which was the residence of plaintiffs' intestate, the residence of the original promisor being Connecticut.

By way of defense the answer alleged that the contract was intended by the parties thereto to be performed within the State of Massachusetts and was in fact fully and duly performed there, and that under the law of Massachusetts all obligations of the defendant under the contract ceased and determined upon the death of Christian Dancel. The plaintiffs moved at Special Term for judgment upon this answer on the ground that it was frivolous, and opposing affidavits were submitted, and from the order granting the motion, and from the judgment entered thereon, the defendant appeals.

Whether, upon a motion, a pleading is or is not frivolous must be determined by an inspection of the pleading; and the interposition in this case of affidavits for or against the pleading is a practice which cannot be sanctioned. If affidavits or arguments are necessary to show the insufficiency of a pleading it follows that the pleading is not frivolous.

The rule to be applied has been many times stated and, as said in this court in the case of *Henriques* v. *Trowbridge* (27 App. Div. 18), " Judgment is to be ordered on account of the frivolousness of the pleading only where the insufficiency of it is so clear that it appears upon the statement without any further argument." (See, also, *Manne* v. *Carlson*, 49 App. Div. 276.) And in the Court of Appeals we have the case of *Cook* v. *Warren* (88 N. Y. 37), wherein it was said: " We do not think this demurrer was frivolous. To justify an order which so determines, or a judgment founded upon such decision, the demurrer must be not merely without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection, and indicates that its interposition was in bad faith. If any argument is required to show that the demurrer is bad, it is not frivolous."

It may, therefore, happen that a pleading is insufficient so that on demurrer it might be held bad, and yet not be frivolous. As said in *Wait* v. *Getman* (32 App. Div. 168): " We are unable to regard the answer served by the defendant in this action as frivolous. The

fact that an answer is insufficient, so that a demurrer thereto will be sustained, does not necessarily determine that it is frivolous."

Viewing the answer here assailed in the light of the rules thus given for our guidance, we think this answer is not frivolous. It will be noticed by the language of the contract that the promise to pay is one made to Christian Dancel, and not to him, his executors, administrators or assigns, and the question sought to be raised by the answer is whether what was here promised to be paid was an annuity which terminated at the death of the annuitant, or whether it was a compensation for the use of the invention to be paid as long as the patent remained in force to Dancel while living, and to his personal representatives if dead.

This question has been differently decided in different jurisdictions, and the defendant's conclusion was that under the New York law the sum to be paid would not be regarded as an annuity terminating at the death of the annuitant, but would be more likely to be regarded in the light of compensation which was payable during the life of the patent. In resisting the claim made, therefore, the defendant evidently sought to have its obligations determined by the law of Massachusetts, wherein, as asserted, a different rule from the one in New York prevails. Whilst admitting, therefore, that the contract was made in New York, a studied effort is apparent to allege that it was the intention of the parties that the contract was to be performed in Massachusetts, where the defendant claims it was in fact performed and the obligations thereunder discharged. The making of the contract in New York is not conclusive upon the rights of the parties because they were free to determine where it should be performed, and if the defendant could show that the intention was that it should be performed in Massachusetts, and it was there fully performed, this would affect the general rule that the law of the contract is the law of the place where made.

It may be, as contended by the plaintiffs, that the law of Massachusetts is not sufficiently pleaded and that the allegations as to the intention of the parties are mere conclusions of the pleader instead of statements of fact, but this would not be controlling upon the question of whether or not the pleading is frivolous. We do not regard the defense sought to be interposed as one entirely without foundation, nor one which by bare inspection can be held to be

frivolous. As to whether the pleading is such that it would sustain an attack by demurrer, it is not necessary for us to decide, it being sufficient for our purpose that we conclude, as we have, that the answer is not frivolous.

The judgment and order must, therefore, be reversed, with costs, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Ingraham, McLaughlin and Hatch, JJ., concurred.

Hatch, J. (concurring):

I concur in the opinion of Mr. Justice O'Brien; and am also for reversal upon the ground that the answer in its 6th paragraph avers payment and discharge of all moneys and obligations secured to be paid by the agreement prior to the commencement of this action.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.