---

## VALSTO v. VARELOPOULOS et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

LIBEL—PLEADING—FRIVOLOUS DEMURRER—STRIKING DEMURRER.

Where in libel there is a demurrer to the complaint on the ground that it does not state facts constituting a cause of action, and it appears that defendant may make a more or less plausible argument that the complaint is insufficient in not averring special damages, and it is apparent there may be some defect in the form in which the innuendoes are stated, the demurrer will not be stricken for frivolity.

Appeal from special term, New York county.

Action by Demetrius J. Valsto against Panaghiote Varelopoulos and another. From an order overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, OBRIEN, and LAUGHLIN, JJ.

Charles Maitland Beattie, for appellants.

Louis F. Doyle, for respondent.

PER CURIAM. The amended demurrer is in the form prescribed by subdivision 8, § 488, Code Civ. Proc. By section 490 the pleader is authorized to state the grounds of his demurrer in the language specified in subdivision 8, above cited, and when so made it may not be disregarded. There is no defect of form in this demurrer, and, as such form is specifically authorized by the Code, it is at least a matter of doubt whether there is any power in the court to strike it out as frivolous. Wayland v. Tysen, 45 N. Y. 281; Barrie v. Yorston, 35 App. Div. 404, 54 N. Y. Supp. 841. Aside from this question, however, it is evident that the court was not authorized to strike out the pleading as frivolous. Judgment is never ordered on account of the frivolousness of a pleading, unless its insufficiency is so clear that it appears from a mere statement without argument, and whenever it is necessary to make an examination of the pleading to determine whether the motion should be granted or not it becomes improper to strike out the pleading for

such reason.  Henriques v. Trowbridge, 27 App. Div. 18, 50 N. Y. Supp. 108.  In the present case it was easily within the power of. the counsel for the defendant to make a more or less plausible argument that the complaint was insufficient in that it did not aver any special damage to the plaintiff arising out of the publication of the alleged libel.  If such averment was necessary, it is easily seen that the demurrer thereto was good.  It is apparent also that there may be some defect in the form in which the innuendoes are stated. Within the rule, therefore, it seems to have been improper to adjudge this pleading to be frivolous.  The effect of the order which has been entered is somewhat drastic, as it deprives the defendant of opportunity to plead over, and has relegated the case to a sheriff's jury for an assessment of damages.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

---

### SCIURBA v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  June 6, 1902.)

1. STREET RAILWAYS—PERSONAL INJURIES—NEGLIGENCE—QUESTIONS FOR JURY.
     Whether or not a motorman of a street car was negligent in turning his face away from the front of the car was a question for the jury.

3. WRONGFUL DEATH—DAMAGES—INSTRUCTION.
     In an action by an administrator of an infant for his wrongful death, it was error to charge that, "If the jury find that the plaintiff is entitled to a verdict, a verdict for more than nominal damages must be given," as the measure of damages, under Code Civ. Proc. § 1904, is the pecuniary loss, which must be shown.

Appeal from trial term, New York county.