GENERAL UNDERWRITING CO. OF NEW YORK v. STILWELL et al.

(Supreme Court, Appellate Division, Second Department.   June 17, 1910.)

1. SET-OFF AND COUNTERCLAIM (§ 49*)—ASSIGNED CAUSE OF ACTION—FORE-CLOSURE—SET-OFF—ASSIGNMENT.

Where, in a suit by an assignee to foreclose a mortgage on real property, the mortgagor alleged that the assignee was acting as agent for certain codefendants, who were the beneficial owners of the mortgage, the mortgagor was entitled to set off damages for breach of covenant of warranty against incumbrances arising out of the failure of such codefendants to pay certain assessments against the land prior to their conveyance thereof to defendant's grantor.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 107, 110; Dec. Dig. § 49.*]

2. COVENANTS (§ 127*)—BREACH—EXTENT OF RECOVERY.

In an action at law on a covenant against incumbrances, the breach consisting of the nonpayment of certain assessments against the land conveyed, plaintiff can only recover nominal damages, unless he has actually paid the assessments himself.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 239; Dec. Dig. § 127.*]

Burr and Thomas, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by the General Underwriting Company of New York against Van Mater Stilwell and others.   From an interlocutory judgment sustaining a demurrer to defendant Stilwell's set-off, he appeals.   Reversed, and demurrer overruled.

See, also, 121 N. Y. Supp. 1131.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Charles S. Carrington, for appellant.

Robert F. Randall, for respondent.

CARR, J.   This is an action to foreclose a mortgage on real property.   The defendant has pleaded a partial set-off against the amount due on the face of the mortgage.   To his defense of set-off the plaintiff demurred, and from an interlocutory judgment sustaining the demurrer the defendant now appeals.

The question of law involved is interesting, but simple, if the facts be kept clearly in mind.   The plaintiff is the assignee of the mortgage in suit.   The defendant, in his defense of set-off, alleges that the plaintiff is but acting as the agent for certain codefendants Wood, who are the beneficial owners of the mortgage.   Assuming the truth of this allegation, as must be done on demurrer, then the defense is to be considered as if the codefendants Wood were in fact the plaintiffs.   The set-off is claimed against the defendants Wood.   It arises, according to the defense, from the fact that the Wood parties conveyed the land in question to one Kraft by a full-covenant warranty deed, including a covenant against incumbrances, and that Kraft conveyed the land to the defendant Stilwell by a similar deed.   At the time of the conveyance from the grantors Wood, there were assessments on the land, which still remain undischarged.   Kraft's conveyance to Stilwell constituted an assignment of a right of action against Kraft's grantors

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the breach of the covenant against incumbrances. Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993, 82 Am. St. Rep. 659. Hence Stilwell has now a cause of action against the Wood parties for damages. The question, then, is: Can he set it off against the plaintiff, which represents the Woods, who, for the purposes of this demurrer, are the true plaintiffs? If he cannot do so, the result will be that on the sale under foreclosure the referee will pay the assessments out of the proceeds of sale, and Stilwell will be relegated to an action at law to recover against the Wood parties on the covenant.

It is claimed by the respondent that this is the only result which can be reached in this action; but I think this claim is clearly wrong. This is an action in equity, and the dominant rule in equity is to dispose at one time of all the causes of action between the same parties arising from the same subject-matter, in order to avoid multiplicity and circuity of actions. It is, of course, true that in an action at law Stilwell could not recover against Wood, for the breach of the covenant, more than nominal damages, unless the assessments were actually paid by him. Delavergne v. Norris, 7 Johns. 358, 5 Am. Dec. 281; McGuckin v. Milbank, 152 N. Y. 297, 46 N. E. 490. Here, however, the action is in equity, and, as an ordinary incident of this action, the assessments must be paid by the refereee out of the proceeds of the sale. Hence a judgment of sale in this action, itself, will convert the nominal damages into actual damages. There is no precedent cited by the respondent, nor can I find any myself, which sustains its contention as to facts similar to these at bar, while the principle declared in Merritt v. Gouley, 58 Hun, 372, 12 N. Y. Supp. 132, is quite in point in support of the appellant Stilwell.

The respondent relies quite strongly upon D'Amelio v. Abraham, 54 Misc. Rep. 386, 105 N. Y. Supp. 1019, which is a well-considered case, but not at all in point. There it was held that, as against an assignee of a mortgage, without notice of the equity, a defendant in a foreclosure action could not counterclaim for damages for breach of a covenant against incumbrances, made by the assignor of the mortgage, where the damages arose from the payment of an assessment after the assignment, but which was a lien upon the land at the time of the original conveyance. That is not the question here. The defense which has been demurred to alleges that this plaintiff is but a cloak for the Wood parties, and that they are the true plaintiffs. If so, then no question of the rights of an assignee without notice arises, and the case is to be determined as if the Woods were the plaintiffs, instead of being defendants. This being so, then the defense of partial set-off was available to the defendant Stilwell, and the demurrer should have been overruled.

I recommend that the interlocutory judgment sustaining the demurrer be reversed, with costs, and that the demurrer be overruled, with $30 costs, with leave to the plaintiff to reply to the defense set up in the answer within 20 days, upon payment of the costs.

JENKS and RICH, JJ., concur. BURR and THOMAS, JJ., dissent.