Heffbrnan, J.
This is an action in foreclosure. The facts are very complicated.
*607 On September 8, 1937, the Glens Falls National Bank and Trust Company deeded to the Elliott Camp Corp., which deed was recorded on September 24, 1937, a parcel of land used as a children’s camp on Schroon Lake in Essex County. At the time of the execution and. delivery of the deed Elliott Camp Corp. gave the bank a first mortgage on the property in the sum of $21,000. This mortgage was recorded in the Essex County Clerk’s office on September 24,1937. Under date of November 1,1937, Elliott Camp Corp. gave a second mortgage on the same premises to Herman Ziegler and Ida A. Bitter to secure the payment of the sum of $8,500. Herman Ziegler and Ida A. Bitter each owned a one-half interest in the second mortgage. This mortgage was not acknowledged or recorded until September 5, 1942. It covered not only the real estate but all the fixtures, articles of personal property, equipment and .other furnishings in the buildings on the premises then or thereafter attached to or used in connection with the premises. It also provided that should the lien of the mortgage be subject to a conditional sale or chattel mortgage covering any of the personal property then, in the event of default, all interest of the mortgagor in such personal property was assigned to the mortgagee together with the benefit of any payments made thereon by the mortgagor.
By deed dated June 15, 1942, and recorded January 27, 1943, Elliott Camp Corp. conveyed the premises to Erwin W. Alpert, a brother of the defendant Bitter. Two judgments were secured against Elliott Camp Corp., one in favor of the State Industrial Commission for $1,428.33 docketed August 14, 1942 and another in favor of Francis H. Leggett & Co. for $713.81 which was docketed September 3, 1942.
On October 28, 1943, defendant Bitter leased the property to defendant Ervin George Von Sebo for a term expiring on September 30,1947. The lease includes the real property, buildings and equipment then on the premises or stored elsewhere excepting certain specified articles. The annual rent payable under the lease included an agreement by Von Sebo to employ defendant Bitter’s husband, Julius, as camp superintendent and purchasing agent, at a specified salary, and for the payment of a certain amount of overhead which included interest on the mortgages, insurance and taxes. The lease also provided that an inventory of the lessor and lessee’s equipment should be taken and that such equipment should remain their personal property. All real property erected upon the premises became the property of the lessor but all equipment purchased was to be adjusted between the parties. °
*608 On December 9, 1944, Jeannette B. Ziegler as the executrix of Herman Ziegler instituted this action to foreclose the second mortgage. A supplemental summons and an amended complaint in that action were served on defendant Yon Sebo on August 25, 1945. Defendant Bitter, one of the co-owners of the mortgage, refused to become a plaintiff, and was made a defendant in that action. Defendant Yon Sebo appeared in the action and served an answer to the amended complaint in which he denied on information and belief the material allegations thereof. In addition to that he alleged six separate and distinct defenses.
The first defense pleaded the six-year Statute of Limitations.
In the second defense Yon Sebo alleged that the lease had been given to him by defendant Bitter by authority of and for the benefit of plaintiff and by virtue of the lease plaintiff and defendant Bitter had covenanted that Von Sebo should quietly enjoy the premises and hence that plaintiff was estopped from asserting any claim against Von Sebo breaching such covenant.
The third defense alleged that Von Sebo had placed certain buildings, fixtures and chattels on the premises for use in the operation of the camp which were not covered by the mortgages and that these structures could be removed without substantial injury to the freehold.
In the fourth defense Yon Sebo alleged that plaintiff had ratified the lease and acknowledged the right of Von Sebo to remove the property.
The fifth defense alleged that the mortgage was void for want of consideration.
For a sixth defense and counterclaim against the plaintiff and defendant Bitter, Yon Sebo alleged that Bitter and Alpert had agreed in the lease to pay off the mortgage and that the foreclosure thereof would damage him in the sum of $25,000 and Von Sebo demanded that the complaint be dismissed and that he have judgment against defendants Bitter and Alpert for the damages that he would sustain.
Defendants Bitter and Alpert served replies denying the material allegations of the defenses and the counterclaim and asked for judgments dismissing each.
Plaintiff moved to strike out the first and fifth defenses contained in the answer on the ground that the same were insufficient in law and to dismiss the counterclaim on the ground that it could not be properly interposed and also for summary judgments. In opposition Von Sebo alleged that during 1944, he had paid to defendant Bitter and her husband approximately $5,750 under the lease and that out of this sum a substantial part was *609 paid to the Glens Falls National Bank and Trust Company on its first mortgage. Von Sebo also alleged that much of the personal property used by him in the operation of the camp was purchased by him and was not covered by the mortgage and that he had made extensive and substantial permanent improvements to the premises at his own expense.
The Special Term granted the motion to strike out these defenses, dismissed the counterclaim and answer, and directed summary judgment in favor of plaintiff. A referee was appointed to compute the amount due. His report shows that he received certain documentary evidence including the answer of defendant Bitter and her bill of particulars. The affidavit of plaintiff was received showing that no interest had been paid on the mortgage and that defendant Bitter had paid $13,980 for interest, taxes, amortization, insurance and the cost of the defense of first mortgage foreclosure actions. The total amount due to plaintiff and defendant Bitter was reported to be $30,027.69 for which sum together with costs and allowances the court granted a judgment of foreclosure and sale. It is curious to note that the amount found by the referee claimed to have been advanced and to be due to defendant Bitter for the expense incurred in 1941 for the defense of a foreclosure action also includes advances in 1944 for interest, taxes, insurance and defense of a foreclosure action amounting to $3,250. Defendant Bitter testified that she paid these amounts.
Thus we have the situation of a mortgage in its inception amounting to $8,500, one half of which was owned by plaintiff, increased to $30,027.69, over 80% of which was adjudged to the defendant Bitter.
Von Sebo moved for an order granting a rehearing of his motion and for leave to interpose an amended answer. That motion was denied. In his papers Von Sebo showed that he was not in default under the lease and that the two mortgages, the cancellation of which was alleged to have furnished the consideration for the $8,500 mortgage, had both been wiped out by a previous foreclosure. Singularly enough the record shows that these two mortgages were not between the same parties as the mortgage which is now being foreclosed. The proposed answer was attached to the motion papers and contains substantially the same defense as alleged in the original answer and also some additional facts by way of' defense.
From these various orders and judgments defendant Von Sebo appealed to this court. After he had taken these appeals and during their pendency Von Sebo on September 4, 1946, *610 assigned all Ms interest in the lease to E. Gf. Rippol Corporation. Not only did he do that but under date of November 9,1946, he attempted to withdraw his answer in the foreclosure proceedings, consented to the entry of a final judgment and on the same date stipulated that he was withdrawing all his appeals to this court. What prompted Von Sebo’s action we can only surmise. Unquestionably there is collusion between plaintiff, the Ritters and Von Sebo.
After E. G. Rippol Corporation received the assignment of the lease it properly moved before the Special Term to be substituted as a party defendant in the place of Von Sebo.- This motion was denied by the Special Term solely on the ground that the matters involved are now pending before this court. The Special Term did not pass upon the merits of that application.
E. G. Rippol- Corporation renewed its motion to he substituted in place of Von Sebo before this court on the argument of these appeals. The assignment of the lease from Von Sebo to Rippol is before the court and is complete in every respect. Under that, assignment Rippol is subrogated to all the rights of the original lessee. After the delivery of that assignment Von Sebo had no - authority to take any further action in the litigation. His withdrawal of his answer and his consent to the entry of judgment and likewise his consent to withdraw the various appeals are all nullities. They are all simply a part of a fraudulent scheme on the part of these litigants to accomplish their sinister purposes. Rippol is entitled to be substituted as a defendant in the place of von Sebo and its application for such relief is granted, and all pleadings and process herein are amended accordingly.
Coming then to the merits of the appeal it is quite obvious that triable issues are involved and summary judgment should not have been granted. While defendant Ritter refused to join in bringing the action and was, therefore, made a defendant she has been in effect treated as plaintiff and has had an affirmative judgment awarded to her. The amended complaint asked for judgment in her favor. She was permitted to prove that she advanced more than $24,000 which was added to this mortgage, more than $5,000 of which was actually paid by Von Sebo. The judgment directs that this amount be collected out of the property ahead of defendant’s lease. The amended complaint also asked that the premises be sold to satisfy the claims of defendant Ritter for principal and interest and that she be paid the amount due on the bond and mortgage. Strange as it may appear affirmative relief was asked for in this action on behalf of defendant Ritter and such relief has actually been granted.
*611 Von Sebo as a tenant in possession under a lease had a right to protect his position and also his interest in the property (Manne v. Carlson, 49 App. Div. 276). While defendant Bitter is a nominal defendant she is in fact a plaintiff and as such Von Sebo was entitled to interpose any counterclaim or defense which he had against her. (General Underwriting Co. v. Stillwell, 139 App. Div. 189.)
While the mortgage covered the fixtures and articles of personal property, the lease provided that all equipment purchased by the tenant should be adjusted between the parties. The judgment of foreclosure ignores all this and directs that the personal property shall also be sold in connection with the real estate. Thus the plaintiff is enabled by the judgment to sell the personal property owned by Von Sebo. The answer to the amended complaint sets up as a separate defense the six-year Statute of Limitations. Under section 47-a of the Civil Practice Act an action to foreclose a mortgage must be brought within six years from the effective date of the section which was September 1,1938. As to certain payments this action was not timely brought. The amended complaint shows that two payments on the mortgage became, payable on January 1, 1938 and July 1, 1938, respectively. Certainly the Statute of Limitations has run as against these payments and the first defense was good as a matter of law.
As to the second defense there is no proof in the record that th© lease made by Bitter was with the authority of plaintiff or for her benefit. It was, howTever, made by defendant Bitter and consequently the lease is a good defense as against her in the foreclosure action brought either by her or by anyone in her behalf. She cannot by refusing to become a plaintiff and becoming a nominal defendant escape the effect of her own act in making the lease. Neither should she be permitted to escape liability on the counterclaim.
The personal property of Von Sebo cannot be sold to pay this mortgage. It seems to us that Von Sebo was entitled to show that the mortgage is unenforcible and void for want or failure of consideration. This mortgage was apparently drawn on September 5, 1942, acknowledged on that date but predated to November 1,1937. It recites that it is given for the cancellation of two prior mortgages made in 1924 and 1925, by an entirely different corporation which were cancelled in June, 1937, through the foreclosure of the then first mortgage. The present mortgagor, the Elliott Camp Corp. was not then in existence. This defense is certainly good as against plaintiff and defendant *612 Bitter. In any event sufficient facts disclose that there is a triable issue and hence summary judgment should not have been granted.
The tenant has a right to protect his interest under a lease (Matter of Ryan, 216 App. Div. 619).
The counterclaim is based upon the lease and runs against defendant Bitter only. The action is brought on behalf of that defendant. It is obvious that the plaintiff here is really bringing the action in behalf of and as the agent or trustee of defendant Bitter. If the amount should be collected and paid to plaintiff she must pay it over to that defendant. The defendant cannot by this subterfuge escape liability for damages fey way of a counterclaim (Civ. Prac. Act, § 267). The counterclaim should have been allowed against defendant Bitter.
These appeals should be disposed of as follows: The order of February 4, 1946, striking out certain defenses and the counterclaim in thé answer and granting summary judgment should be reversed on the law and facts, with costs to appellant, and the motion denied, with costs to appellant.
The order and judgment of March 23, 1946, confirming the referee’s report as to the amount due and of foreclosure and sale should be reversed on the law and facts, with costs to appellant.
The order dated April 6, 1946, denying Von Sebo’s motion for a rehearing and for leave to interpose an amended answer should be reversed on the law and facts and the motion granted to the extent of giving leave to serve an amended answer, without costs.
The order of April 29, 1946, denying defendant Von Sebo’s motion to name defendant Bitter as a party plaintiff should be affirmed, without costs.
The order of April 29, 1946, denying Von Sebo’s motion for an order determining the amount due to the plaintiff Ziegler for her part of the mortgage should be reversed on the law and facts, with costs, and the motion granted, with costs.
The order of April 29, 1946, denying Von Sebo’s motion for an order cancelling all leases made by the receiver with defendant Bitter should be dismissed on the ground that that question is now academic.
The order of April 29, 1946, denying defendant Von Sebo’s motion to remove the receiver and his attorney should be affirmed, without costs.
The order of May 24,1946, denying Von Sebo’s motion for the filing of the referee’s report and all exhibits,and other papers *613 should be reversed on the law and facts, with costs, and the motion granted, with costs.
Hill, P. J., Brewster, Foster and Lawrence, JJ., concur.
E. G-. Rippol Corporation is substituted as a defendant in the action in place of defendant, Von Sebo, and all pleadings and process are hereby amended accordingly.
The order of February 4, 1946, striking out certain defenses and the counterclaim and the answer and granting summary judgment reversed on the law and facts, with costs to appellant, and the motion denied, with costs to appellant.
The order and judgment of March 23, 1946, confirming the referee’s report as to the amount due and of foreclosure and sale reversed on the law and facts, with costs to appellant.
The order dated April 6,1946, denying Von Sebo’s motion for a rehearing and for leave to interpose an amended answer reversed on the law and facts and the motion granted to the extent of giving leave to serve an amended answer, without costs.
The order of April 29, 1946, denying defendant Von Sebo’s motion to name defendant Ritter as a party plaintiff affirmed, without costs.
The order of April 29, 1946, denying Von Sebo’s motion for an order determining the amount due to the plaintiff Ziegler for her part of the mortga'ge reversed on the law and facts, with $10 costs, and the motion granted, with $10 costs.
The order of April 29, 1946, denying Von Sebo’s motion for an order cancelling all leases made by the receiver with defendant Ritter is dismissed on the ground that that question is now academic.
The order of April 29, 1946, denying defendant Von Sebo’s motion to remove the receiver and his attorney is affirmed, without costs.
The order of May 24, 1946, denying Von Sebo’s motion for the filing of the referee’s report and all exhibits and other papers reversed on the law and facts, with costs, and the motion granted, with $10 costs. [See 272 App. Div. 849.]